2013 OK 16

STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Philip M. KLEINSMITH, Respondent.

SCBD No. 5917.

Supreme Court of Oklahoma.

March 12, 2013.

As Corrected March 25, 2013.

Philip M. Kleinsmith, Kleinsmith & Associates PC, Colorado Springs, Colorado, pro se.

Katherine M. Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

REIF, V.C.J.:

¶1 This case is before the Court to determine the appropriate discipline to be imposed upon Respondent Philip Kleinsmith for violating Oklahoma's Rules of Professional Conduct (ORPC), 5 O.S. 2011, Ch. 1, App. 3–A, and Rules Governing Disciplinary Proceedings (ORGDP), 5 O.S.2001, Ch.1, App. 1–A. Respondent's violation of these rules is based upon professional misconduct that was adjudicated in a final order entered by the Presiding Disciplinary Judge of the Supreme Court of Arizona in case PDJ–2012–9019, In the Matter of an Active Member of the State Bar of Arizona, Philip M. Kleinsmith, Bar No. 012775. This Arizona adjudication subjects Respondent to reciprocal discipline in Oklahoma pursuant to Rule 8.5(a), ORPC[1] and Rule 7.7(b), ORGDP[2]. Respondent is

---

1. Oklahoma Rules of Professional Conduct, 5 O.S.2011, Ch.1, App. 3–A, Rule 8.5. Disciplinary authority; Choice of law

(a) Disciplinary Authority. A lawyer admitted to practice in this jurisdiction is subject to the disciplinary authority of this jurisdiction, regardless of where the lawyer's conduct occurs. A lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal service in this jurisdiction. A lawyer may be subject to the disciplinary authority of both this jurisdiction and another jurisdiction for the same conduct.

(b) Choice of Law. In any exercise of the disciplinary authority of this jurisdiction, the rules of professional conduct to be applied shall be as follows:

(1) for conduct in connection with a matter pending before a tribunal, the rules of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise; and

(2) for any other conduct, the rules of the jurisdiction in which the lawyer's conduct occurred, or, if the predominant effect of the conduct is in a different jurisdiction, the rules of that jurisdiction shall be applied to the conduct. A lawyer shall not be subject to discipline if the lawyer's conduct conforms to the rules of a jurisdiction in which the lawyer reasonably believes the predominant effect of the lawyer's conduct will occur.

2. Rules Governing Disciplinary Proceedings. 5 O.S.2001, Ch.1, App. 1–A, Rule 7.7. Disciplinary action in other jurisdictions, as basis for discipline

. . .

5 O.S.2001, Ch.1, App. 1–A, Rule 7.7(b) states: When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence

also subject to discipline under Rule 7.7(a), ORGDP [3], for failure to notify the General Counsel of the Oklahoma Bar Association that he had been disciplined by a final order entered by the Presiding Disciplinary Judge of the Arizona Supreme Court.

 ¶2 In support of discipline for Respondent's misconduct under Oklahoma's Rules, the General Counsel of the Oklahoma Bar Association has submitted certified copies of the Final Judgment and Order entered by the Presiding Disciplinary Judge of the Arizona Supreme Court and the Agreement for Discipline by Consent between Respondent and Counsel for the State Bar of Arizona. The Arizona Agreement for Discipline by Consent states "the parties agree that Respondent negligently filed nine improper arbitration certificates, failed to appear at two hearings and that [such] conduct was in violation of the Rules of Professional Conduct." The parties further agreed that the appropriate sanction for this misconduct would be reprimand and one year probation subject to early termination upon completion of ethics school. This was the discipline imposed by the Final Judgment and Order. These documents constitute the charge against Respondent under Oklahoma's Rules and are prima facie evidence the lawyer committed the acts therein described. Rule 7.7(b), ORGDP.

¶3 In response to a show cause order issued by the Chief Justice on September 13, 2012, Respondent acknowledged his discipline by the Arizona Supreme Court, stated he had nothing to submit in opposition thereto, provided proof that his probation was terminated upon completion of the ethics school, and requested that the Oklahoma Supreme Court enter an identical order to the Arizona order, including a termination of the probationary period. In a responsive filing on October 12, 2012, the General Counsel asserted (1) the record was complete and sufficient for de novo review and (2) there was clear and convincing evidence of misconduct under Oklahoma's Rules to warrant discipline of Respondent by this Court. The General Counsel's filing did not object to Respondent's request that this Court impose the same discipline as imposed by the Arizona Supreme Court nor offer a recommendation for discipline. The General Counsel did note that the case of *State of Oklahoma ex rel. Oklahoma Bar Association v. Patterson*, 2001 OK 51, 28 P.3d 551, holds that failure to report discipline by another jurisdiction for professional misconduct warrants the imposition of discipline by the Oklahoma Supreme Court. The discipline imposed in *Patterson* was public censure. *Id.* at ¶34, 28 P.3d at 561.

 ¶4 In a reciprocal disciplinary proceeding, "it is within this Court's discretion to visit the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity." *Id.* at ¶33, 28 P.3d at 561. This Court endeavors to determine the discipline that is sufficient to satisfy the legitimate goals of administering professional discipline to errant lawyers and of deterring similar conduct by other lawyers. *Id.* Our ultimate goal, however, is to safeguard the interest of the public, the judiciary, and the legal profession. *Id.* at ¶29, 28 P.3d at 560 (footnote omitted). We also endeavor to impose a measure of discipline upon an offending lawyer that is consistent with the discipline imposed upon other lawyers for similar acts of professional misconduct. *Id.* As noted, public censure was the discipline imposed in *Patterson* for failure to inform the General Counsel of discipline by another jurisdiction. *Id.* at ¶34, 28 P.3d at 561.

the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

3. 5 O.S.2001, Ch.1, App. 1–A, Rule 7.7(a) states: It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.

¶ 5 Upon review, we agree with the General Counsel's assertions that the record is complete and sufficient for de novo review by this Court, and that the record presents clear and convincing evidence that Respondent committed the professional misconduct adjudicated by the Arizona Supreme Court. Although we undertake de novo review of the record, we believe due weight should be given to the disciplinary decisions of the Counsel for the State Bar of Arizona and the Presiding Disciplinary Judge of the Supreme Court of Arizona. Both officials concluded that the appropriate discipline for improperly invoking a special arbitration procedure in foreclosure cases and missing two court hearings would be reprimand and a one year probation subject to termination upon completion of ethics school. This Court likewise finds clear and convincing evidence that Respondent failed to inform the General Counsel of the Oklahoma Bar Association of such discipline and this failure to inform is additional misconduct. We note our past decision in the *Patterson* case that public censure is appropriate discipline for such misconduct.

¶ 6 Our de novo review of the record leads us to conclude that public censure is appropriate (1) as reciprocal discipline for Respondent's professional misconduct in Arizona and (2) for his failure to report that he was disciplined by the Arizona Supreme Court for such misconduct. Complainant did not file an application to recover the costs of this disciplinary proceeding, therefore, no costs are assessed.

**RESPONDENT PHILIP M. KLEINSMITH IS HEREBY DISCIPLINED BY PUBLIC CENSURE.**

¶ 7 COLBERT, C.J., REIF, V.C.J., KAUGER, WATT, EDMONDSON, TAYLOR, COMBS, and GURICH, JJ., concur.

¶ 8 WINCHESTER, J., concurs in part; dissents in part.