OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. AUER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. AUER
2016 OK 75
Case Number: SCBD-6213
Decided: 06/28/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 75, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DAVID BRUCE AUER, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE PURSUANT TO RULE 7.7, RULES GOVERNING DISCIPLINARY PROCEEDINGS

¶0 Respondent David Bruce Auer was disbarred by the Supreme Court of Colorado for practicing law in that state without a license. Under the reciprocal discipline provisions of Rule 7.7, Rules Governing Disciplinary Proceedings (RGDP), we find Respondent engaged in the unauthorized practice of law in Colorado and that he should be disbarred from the practice of law in Oklahoma.

RESPONDENT DISBARRED; COSTS IMPOSED; COMPLIANCE WITH
RULES 9.1, 11.1(b), RGDP, ORDERED.

Katherine M. Ogden, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant,
Richard W. Walden, Tulsa, Oklahoma, for Respondent.

OPINION

WATT, Justice:

¶1 This disciplinary proceeding considers the allegations of attorney misconduct by Respondent, David Bruce Auer. After consideration of the evidence presented, we find that disbarment is the appropriate discipline.

PROCEDURAL AND FACTUAL BACKGROUND

¶2 The Oklahoma Bar Association (Complainant) advised this Court on December 5, 2014, pursuant to Rule 7.7, Rules Governing Disciplinary Proceedings, (RGDP),[1] 5 O.S. Supp. 2014, Ch. 1, app. 1-A, previously 5 O.S. 2011, Ch. 1, app. 1-A,[2] that Respondent David Bruce Auer was disbarred from the practice of law by the Supreme Court, State of Colorado, pursuant to the Order and Notice of Disbarment issued on July 23, 2014. Auer filed no response to the complaint filed against him in Colorado. An evidentiary hearing was held in Colorado, which Auer did not attend.[3] The Honorable William R. Lucero, Presiding Disciplinary Judge, entered a judgment by default against him. The Court concluded:[4]

 

Respondent practiced law without a Colorado license for more than three years, engaged in dishonest conduct, and failed to cooperate in these disciplinary proceedings. Attorneys occupy a position of trust and responsibility and are expected to adhere to high moral and ethical standards. Respondent disregarded these standards and caused serious injury and serious potential injury to his clients, Colorado attorneys, and the legal profession. In light of the egregious nature of Respondent's repeated misconduct and the aggravating factors at work here, the Court finds disbarment is warranted.

 

¶3 Auer failed to advise this Court of his Colorado disbarment as required by Rule 7.7(a), RGDP.[5] This Court issued an order to Respondent on November 6, 2015, directing him to show cause no later than November 16, 2015, why this Court should not proceed with the imposition of summary discipline against him. He was further advised that pursuant to Rule 7.7(b), RGDP, the documents received from the State of Colorado "shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described." Respondent was advised he could request a hearing before the Professional Responsibility Tribunal (PRT) if he alleged the evidence from the Colorado tribunal did not furnish sufficient grounds for discipline in Oklahoma. Respondent was further advised he could thereafter submit "any documents, a brief, and/or any evidence tending to mitigate the severity of discipline."

¶4 Auer timely responded and requested a hearing and briefing schedule. Complainant was granted a request for extension of time to file a response. On December 9, 2015, this Court granted Auer's request for a hearing and ordered the PRT to hold a hearing and to report its recommendation to this Court within thirty (30) days after the hearing concluded. The order provided Auer could submit a certified copy of the transcript of the evidence taken at the sanctions hearing in Colorado to support his claim "that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma." We advised in the December 9, 2015, order that pursuant to Rule 7.7(b) and State ex rel. Oklahoma Bar Ass'n v. Patterson,[6] "the facts that resulted in the imposition of discipline by Colorado may not be relitigated, but only reviewed within the context of the evidence presented in that jurisdiction" and that "the range of permissible inquiry in a reciprocal disciplinary proceeding is confined to issues which are germane to the mitigation of the disciplinary sanction to be imposed upon Respondent."

¶5 Following the PRT hearing on January 28, 2016, and the final submission of written closing arguments allowed by the PRT, the Report of the Trial Panel was issued on March 14, 2016. The PRT found, inter alia, that "There was presented no evidence of Respondent violating other rules for the practice of law in Oklahoma, other than his failure to report his Colorado discipline, stated herein." (Finding of Fact #10). The PRT recommended a six month suspension of his license to practice law, deferred for one year of probation, subject to rules and conditions to be imposed. If the probation is completed satisfactorily, the PRT recommends a public censure. If it is not satisfactorily completed, the Tribunal recommends the six-month suspension to be imposed.

EVIDENCE AND FACTS

a. Colorado

¶6 Respondent became licensed to practice law in Oklahoma in 1991. He also holds a CPA license in Oklahoma, Colorado, and Wyoming. Respondent was never licensed to practice law in Colorado. In 2010, he and Loni Woodley, also a CPA, entered into a partnership, Auer & Woodley CPA's, to acquire CPA firms in other states.[7]  They first purchased two accounting firms in Colorado Springs. Most of the clients in the firms already had legal counsel who had set up their businesses or prepared their estate planning documents. They later asked CPA's from whom they had bought the accounting firms to recommend local counsel who could meet with them and their clients regarding their tax and estate planning issues. Auer testified that he met with clients and worked with outside counsel to provide legal work for their clients in the summer and early fall of 2010.

¶7 After meeting with attorney Terence (Terry) Doherty, licensed in Colorado, the parties agreed that Doherty would move into an office at one end of the building. They formed a partnership, Auer & Doherty, LLP, to share expenses between the accounting firm, Auer & Woodley, and Doherty's law practice. The arrangement lasted only until the end of 2010, and Doherty moved out. Auer testified he continued to work with their clients' legal counsel and other lawyers in Colorado Springs, and eventually in Denver, as well as with those he met through his membership with WealthCounsel. After Doherty moved out, Auer decided to apply for a license to practice law in Colorado under the reciprocity provisions of the Colorado state bar admission rules. He testified he let the application lapse in 2011. After buying accounting firms in Denver, he decided it was not in the best interest of the firm to get licensed in all the affected states, but to affiliate with counsel in those states. He reapplied for reciprocity in late 2012 or early 2013, as their goal for expanding the accounting firm to other states was not working out.

¶8 Doherty testified at the PRT hearing. He stated that at the time they formed Auer & Doherty LLP, he was told that Auer would become licensed to practice law in Colorado "imminently." He inquired about the status of Auer's application in Colorado "multiple times" and was told it was imminent. We note that, at the same hearing, Auer testified that he did not apply for reciprocity with the state of Colorado until after he and Doherty ended their partnership.

¶9 Doherty testified their intended arrangement would be to create a law firm to work in proximity to the accounting firm "and bring synergy that way." He said business clients often need both accounting and legal advice, creating an overlap. However, he said until Auer was licensed, all clients needing legal work had to go through him, and "as the bottom line, any document that went out the door from the law firm had to have my blessing." After several months, he drafted a memo to Auer (Complainant's Exhibit 12) regarding his concerns about Auer's promises and the possible unauthorized practice of law. He said Auer's Colorado law license was never issued, and Auer was marketing their services "to anybody with a pulse." He was never in the office and was no help at all. Doherty testified he asked the bookkeeper to see the billing statements and discovered Auer was billing for legal services through the accounting firm instead of the law firm, depriving Doherty of funds that were to be split by Auer & Doherty. He said the entries of billable hours were "mostly" for legal work, such as "prepared estate plan," and "drafted contracts." He testified that after this discovery he terminated his relationship with Auer and "walked out the door." Auer and Doherty reached an agreed settlement upon ending their business relationship.

b. Wyoming

¶10 In Wyoming, in which Auer held a CPA license, there is evidence of his unauthorized practice of law in Cheyenne, where he acquired an accounting firm. He testified he received a cease and desist letter, dated April 5, 2013, from the Unauthorized Practice of Law Committee of the Wyoming State Bar, advising him to cease further activity relating to the unauthorized practice of law. The letter related to a flyer used to advertise a seminar he was doing at his accounting firm, Auer, Woodley & Ostlund, in Cheyenne. The cease and desist letter contained a cover letter to Ms. Erin Sokol, legal counsel for Loni Woodley, advising her the letter had been sent to Auer, apparently as a follow-up to a complaint filed. The flyer in question advertising the seminar listed Auer as an attorney, although it did not denote the state in which he was licensed. The flyer contained the language, "Here's your golden ticket for a free consultation with David Auer, Attorney." The cease and desist letter referenced the "maintenance of an office in Wyoming as well as various activities conducted by you, within the State of Wyoming" and stated that "it was the unanimous consensus of the committee that in fact you have engaged in unauthorized practice of law within the State of Wyoming by giving legal advice and holding yourself out as licensed to practice in this state. You are not licensed to do so."

¶11 After that letter was admitted as evidence, Auer then stated he had not held himself out as a Wyoming lawyer. However, he then admitted he had testified previously that Auer & Brown's billing statements for legal services showed a Cheyenne, Wyoming, address. Moreover, he admitted he did engage in the practice of law in Colorado by drawing up legal documents and giving clients legal advice "to the extent that it involved the tax issues that - you know, that I - that the client was asking me to advise him in, that's correct."

¶12 Other evidence of the unauthorized practice of law in Colorado is found on billing statements of Auer, Woodley, Hilderbrand & Sanders, LLP, in Colorado Springs. It included entries of preparing and amending revocable trust agreements, preparation of wills, durable powers of attorney, and living will, as well as for making revisions to a revocable trust regarding dispositive provisions for each child of a client. In addition, a billing statement dated November 30, 2012, from Law Offices, Auer Brown, LLP, Attorneys at Law, in Centennial, Colorado, showed "David Auer" on the "Statement for Legal Services" for management and preservation of assets, investments, income tax considerations and preparation of estate planning portfolio. No other lawyer is listed on the statement.

¶13 Auer's first accounting partner, Loni Woodley, testified at the Colorado proceeding before Judge Lucero. He testified about the costs to his accounting firm caused by Auer. He was forced to advise clients to make them aware of the disbarment of Auer. He said they had lost clients because of it. Most of the affected clients were older individuals who were interested in estate planning. Woodley had to incur additional costs to hire Colorado attorneys to review the documents that Auer prepared. He stated Auer gave all of his clients estate planning packets with many documents which the clients didn't fully understand. He also said Auer billed well in excess of $300,000.00 for a period of 12 to 18 months from June, 2012. After Auer was expelled from the firm, they went through arbitration. Unwilling to use firm money, Woodley personally incurred costs of over $265,000.00, which represents the legal cost of the arbitration, paying attorneys to look at the documents, and making restitution to clients. Although he reached a settlement with Auer for that amount, he has not been able to collect any of the judgment.

RULES OF RECIPROCAL DISCIPLINE

¶14 This proceeding was commenced in this Court under Rule 7, RGDP,[8] as a summary disciplinary proceeding as a result of discipline imposed in another jurisdiction. Rule 7.7(a) requires a lawyer so disciplined to notify the General Counsel's office within twenty (20) days of the final order. Failure to report "shall itself be grounds for discipline." Rule 7.7(b) provides that a certified copy of the adjudication and the documents from the other jurisdiction "shall constitute the charge and be prima facie evidence the lawyer committed the acts therein described." Moreover, Auer did not respond or appear at the Colorado hearing, and a default judgment was entered, rendering the facts admitted for evidentiary purposes. Additionally, Auer was given an opportunity by this Court to appear and be heard at a hearing before the PRT to present evidence on his behalf. Rule 7.7(b) provides that the lawyer may provide a certified copy of the transcript taken in the tribunal of the other jurisdiction to support his claim the findings are not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma.[9] The lawyer may submit a brief and/or evidence in the interest of explaining his conduct or tending to mitigate the severity of the discipline. Mr. Auer did appear before the PRT and testified. However, we find his testimony did not serve to mitigate the severity of discipline that this Court finds to be necessary in this case.

¶15 The Colorado Court found Auer violated Rule 5.5(a)(1) of the Colorado Rules of Professional Conduct, similar to Oklahoma's Rule 5.5(a)(1), ORPC, which proscribes a lawyer from practicing law without a license. The Court found Auer repeatedly violated this rule by (1) holding himself out as a licensed attorney in Colorado, (2) establishing multiple law offices, (3) drafting legal documents and (4) offering legal advice to clients. The Colorado court also found that when he engaged in the unauthorized practice of law in Wyoming, he violated Colorado's Rule 5.5(a)(2), RPC, similar to Oklahoma's ORPC Rule 5.5(a)(2), which prohibits attorneys from practicing law in a jurisdiction, where doing so violates the regulations of the legal profession in the other jurisdiction. The Colorado Court also found he engaged in dishonest conduct by misrepresenting his status to practice law in Colorado, in violation of Rule 8.4c, RPC.

¶16 Under ORPC Rule 8.5(a), an Oklahoma lawyer is subject to the disciplinary authority of Oklahoma "regardless of where the lawyer's conduct occurs." Oklahoma's rule is similar to Colorado's rule in this regard. The lawyer may be subject to the disciplinary authority of both jurisdictions for the same conduct. We find clear and convincing evidence exists to support a finding that Auer engaged in the unauthorized practice of law.

¶17 The Bar must prove its allegations of lawyer misconduct by clear and convincing evidence. See RGDP Rule 6.12c; State ex rel. OBA v. Passmore, 2011 OK 90, 264 P.3d 1238, 1243. This Court decides whether misconduct has occurred, and, if so, the appropriate discipline to be imposed. State ex rel. OBA v. Zimmerman, 2012 OK 35, ¶15, 276 P.3d 1022, 1027, citing Passmore, supra. In this Court's de novo standard of review, we are not bound by the PRT's findings of fact, its view of the evidence, the credibility of witnesses, or its recommendation for discipline. Passmore, supra, at 1243. The primary purpose of lawyer disciplinary proceedings is the protection of the public and purification of the Bar, rather than the punishment of the offending lawyer. State ex rel. OBA v. Bellamy, 2012 OK 20, ¶8, 273 P.3d 56, 61-62.

DISCIPLINE

¶18 This Court possesses a nondelegable, constitutional responsibility to regulate the practice of law and the licensure, ethics, and discipline of legal practitioners in this state. State ex rel. Oklahoma Bar Ass'n. v. Wintory, 2015 OK 25, 350 P.3d 131. In a Rule 7.7 proceeding, the facts cannot be relitigated; a respondent's attack on another jurisdiction's fact-finding is limited to the evidence contained in a certified copy of the transcript of the other jurisdiction's proceedings. State ex rel. OBA v. Wintory, supra at 136, citing State ex rel. OBA v. Patterson, 2001 OK 51, ¶6, 28 P.3d 551. The Court found a public censure was adequate discipline in Patterson, supra. We found there had been some confusion as to the original suspension order which gave rise to the subsequent disbarment order and that the Tenth Circuit's order of disbarment was too severe. We followed Patterson, supra, in State ex rel. Oklahoma Bar Ass'n v. Kleinsmith, 2013 OK 16, 297 P.3d 1248, and ordered a public censure in a reciprocal discipline case in which the respondent, in Arizona, had improperly filed an arbitration procedure and missed two hearings, leading to a one-year probation subject to termination upon completion of ethics school. Although it did not originate as a Rule 7 reciprocal disciplinary case, in State ex rel. Oklahoma Bar Association v. Mothershed, 2003 OK 34, 66 P.3d 420, reh. den., 264 P.3d 1197, we ordered the respondent's disbarment for engaging in the unauthorized practice of law in Arizona, in violation of Rule 5.5(a), ORPC.[10] His actions in Arizona were egregious and intentional and caused financial harm to his clients.

¶19 The case before us is more akin to Mothershed. The evidence indicates to this Court that Auer intended to enlist the assistance of Colorado and Wyoming lawyers and their firms to promote his accounting business. When the accounting business overlapped with the legal work, he appears to have felt insulated from the threat of discipline for the unauthorized practice of law because another lawyer worked with him. However, it is also clear that Auer did not fully explain his Colorado or Wyoming licensing status to the lawyers of the firms in which he worked. It is also clear to the Court that Auer held himself out as a lawyer in both jurisdictions and that when members of the various law firms realized it, they disassociated with him. Auer twice applied for reciprocity in Colorado, but either withdrew or allowed his applications to lapse. This Court finds Respondent David Bruce Auer willfully engaged in unauthorized practice of law. We find disbarment is the appropriate discipline.

¶20 We find there was overwhelming evidence before the Colorado disciplinary tribunal to find that Mr. Auer committed the unauthorized practice of law in Colorado and in Wyoming, in violation of ORPC Rule 5.5(a). The disciplinary authority of this state over its attorneys does not cease when the attorney goes to another jurisdiction. Although Mr. Auer tried to explain his conduct as merely an overlap between his CPA license and the practice of law, it is clear to this Court that he engaged in the practice of law in Colorado and in Wyoming without a license. He used other lawyers and CPA's to acquire the clients for his practice. He was not honest with the lawyers with whom he associated. Clients and firms were damaged by his actions.

CONCLUSION

¶21 The Bar has filed an application to assess costs in this matter against Auer, pursuant to Rules 6.13 and 6.16, RGDP, in the amount of $2390.84. The costs consist of certified mail postage expense, certified copy of the transcript from Colorado, mileage expense for PRT members, and expenses for preparation of transcripts for a deposition and the hearing on January 28, 2016. We find these expenses to be reasonable, and the Bar's application is granted.

¶22 This Court orders as follows:

a) Davis Bruce Auer is disbarred from the practice of law in Oklahoma;

b) he is ordered to pay the costs of this proceeding in the amount of $2,390.84 within ninety (90) days after this opinion becomes final;

c) pursuant to Rule 9.1, RGDP, Auer is directed to notify his clients who have legal business pending within twenty (20) days, by certified mail, of his inability to represent them and the necessity for retaining new counsel. He is also directed to file a formal withdrawal as counsel in all cases pending in any tribunal and to file an affidavit of compliance with the Commission and the Clerk of the Supreme Court within twenty (20) days; and to otherwise follow the requirements of Rule 9.1, RGDP; and

d) Auer is directed to reimburse the Client's Security Fund of the Oklahoma Bar Association, pursuant to Rule 11.1(b), RGDP, if any funds have been expended on his behalf, showing the amount paid has been repaid to the Bar, as a condition to reinstatement.

¶23 RESPONDENT DISBARRED; COSTS IMPOSED; COMPLIANCE WITH RULES 9.1, 11.1(b), RGDP, ORDERED.

REIF, C.J., COMBS, V.C.J., WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ. - CONCUR

KAUGER, J. - CONCURS IN PART; DISSENTS IN PART

FOOTNOTES

[1] Rule 7. Summary Disciplinary Proceedings Before Supreme Court.
§7.7. Disciplinary Action in Other Jurisdictions, as Basis for Discipline.

(a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.

(b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association shall cause to be transmitted to the Chief Justice a certified copy of such adjudication within five (5) days of receiving such documents. The Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.

[2] The order of disbarment was issued on July 23, 2014, prior to the amendment of Rule 7.7, RGDP, by order of this Court on September 30, 2014. The amendment affected only the nature of the General Counsel's duty to transmit documentation to this Court of a lawyer's discipline by another jurisdiction, changing it from discretionary to mandatory. No issue has been made as to the Bar's notice to this Court, and in all other respects, the rules are similar.

[3] Although he somewhat participated in the proceedings, he stated he did not attend the hearing because the Colorado Bar's investigator told him his possible discipline in the proceeding would range from a reprimand to the denial of his reciprocity application.

[4] The People of the State of Colorado, Complainant, v. David Auer, Respondent, Case Number 14PDJ006, Supreme Court, State of Colorado, Opinion and Decision Imposing Sanctions Pursuant to C.R.C.P. 251.19c, p. 8.

[5] Auer was also disciplined by the Oklahoma Accountancy Board and the Insurance Commissioner of the State of Oklahoma, for failing to notify them about the Colorado discipline.

[6] 2001 OK 51, 28 P.3d 551.

[7] Auer became involved in the following firms:
Auer Doherty, LLP; Auer Woodley & Reinemer, P.C., in Englewood, Colorado; Auer Brown LLP; Auer Woodley Hilderbrand & Sanders, LLP; Auer, Woodley & Ostlund.

[8] See note 1, supra.

[9] Although Auer did not submit a copy of the transcript from the Colorado tribunal, the Bar obtained a certified copy and filed it in this proceeding. It was admitted as "Joint Exhibit 1".

[10] He was publicly censured in Arizona which was the harshest penalty the Arizona Supreme Court could impose on a person who was not a member of the Arizona Bar Association.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 51, 28 P.3d 551, 72 OBJ 1921, STATE ex. rel. OKLAHOMA BAR ASSN. v. PATTERSON
Discussed at Length
 2003 OK 34, 66 P.3d 420, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MOTHERSHED
Discussed
 2011 OK 84, 264 P.3d 1197, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MOTHERSHED
Cited
 2011 OK 90, 264 P.3d 1238, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. PASSMORE
Discussed
 2012 OK 20, 273 P.3d 56, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BELLAMY
Discussed
 2012 OK 35, 276 P.3d 1022, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ZIMMERMAN
Discussed
 2013 OK 16, 297 P.3d 1248, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KLEINSMITH
Discussed
 2015 OK 25, 350 P.3d 131, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WINTORY
Discussed