STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KUTNER

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KUTNER

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KUTNER2022 OK 18Case Number: SCBD-7060Decided: 02/28/2022THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 18, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

STATE OF OKLAHOMA ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
SANFORD A. KUTNER, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 Complainant, the State of Oklahoma ex rel. Oklahoma Bar Association, initiated disciplinary proceedings against Respondent, Sanford A. Kutner, a licensed Oklahoma lawyer, based on professional discipline in Louisiana. We find that the acts underlying that matter amount to professional misconduct in this State, and further, that Kutner neglected to promptly inform the Oklahoma Bar Association that he had been sanctioned for that conduct in another jurisdiction. We find disciplinary action in Oklahoma is warranted, suspend Kutner from the practice of law in Oklahoma for eighteen months, and assess costs.

RESPONDENT IS SUSPENDED FROM THE PRACTICE OF LAW FOR
EIGHTEEN MONTHS; APPLICATION FOR COSTS GRANTED

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Sanford A. Kutner, Luling, Louisiana, pro se.

KUEHN, J.:

¶1 Respondent Kutner has been licensed to practice law in Oklahoma in since 1970. His Oklahoma bar membership is in good standing. He currently resides in Louisiana. In April 2021, Kutner was disciplined by the Supreme Court of Louisiana for practicing law without a license and other infractions. In Re: Sanford A. Kutner, No. 2021-B-0364, Supreme Court of Louisiana (April 20, 2021). In May 2021, the OBA notified this Court of Kutner's discipline in Louisiana, pursuant to Rule 7.7, Rules Governing Disciplinary Proceedings, 5 O.S., Ch. 1, App. 1-A ("RGDP"). In June 2021, this Court directed Kutner to show cause why a final order of discipline should not be imposed. Kutner did not file a written response with this Court, although he did send a response directly to the OBA, which is included in the record before us. In July 2021, the OBA filed a brief in support of discipline with appended evidentiary materials.

STANDARD OF REVIEW

¶2 This Court has the responsibility to regulate the practice of law and the licensure, ethics, and discipline of legal practitioners in this State. State ex rel. OBA v. Wintory, 2015 OK 25, ¶ 14, 350 P.3d 131, 135. The primary purpose of disciplinary proceedings is protection of the public and purification of the Bar, not the punishment of the offending lawyer. State ex rel. OBA v. Bellamy, 2012 OK 20, ¶ 8, 273 P.3d 56, 61--62. Before a decision to discipline an attorney is made, misconduct must be demonstrated by clear and convincing evidence. Rule 6.12(c), RGDP. A certified copy of the per curiam opinion by the Supreme Court of Louisiana and supporting documents constitute the charge against Kutner. These materials serve as prima facie evidence that he committed the acts described therein. Rule 7.7(c), RGDP. As noted, Kutner presents no additional evidence to rebut these allegations.

BACKGROUND

¶3 The circumstances of the Louisiana matter are as follows. In 2012, Kutner's wife, Reva Lupin, a licensed attorney in Louisiana, was approached by a potential client, Jones, regarding possible representation in various civil-rights matters. Lupin told Jones she did not practice civil-rights law, but that her husband did. Jones consulted with Kutner and signed a contingency fee agreement. Kutner signed the agreement with his wife's name followed by his own initials, but Lupin took no part in representing Jones in these matters. Over the next fifteen months, Jones wrote several checks for legal services -- some to Lupin, some to Kutner -- totaling about $3700. A federal lawsuit was filed on Jones's behalf (listing Lupin as attorney of record), but it was eventually dismissed for failure to serve the defendants. Kutner appears to have ceased communication with Jones at some point along the way.

¶4 In 2017, proceedings were initiated against Kutner by counsel for the Louisiana's Attorney Disciplinary Board, which handles bar disciplinary matters for that state. Ultimately, the parties entered into a "joint petition for consent discipline." Kutner acknowledged that he had (1) engaged in the unauthorized practice of law, (2) neglected a client's legal matter, (3) failed to communicate with the client, and (4) failed to return unearned legal fees. The Louisiana Disciplinary Board noted that Kutner's conduct was aggravated by the fact that he had many years' experience as an attorney and by the vulnerability of his victim. In mitigation, the Board noted that Kutner had no prior disciplinary record, that he ultimately returned the unearned fees, and that he expressed remorse for his actions. Accepting the joint petition and the agreed-to sanction, the Supreme Court of Louisiana enjoined Kutner from seeking admission to the Louisiana bar, or seeking to practice law in that state on any other basis, for eighteen months. The Supreme Court of Louisiana rendered its decision in April 2021.

ANALYSIS

¶5 The OBA alleges (1) that Kutner failed to promptly notify it of the disciplinary proceeding in Louisiana; (2) that the record of the Louisiana proceeding supports a finding of professional misconduct; and (3) that Kutner's misconduct in Louisiana is grounds for discipline in Oklahoma.

A. Failure to notify OBA of discipline in Louisiana.

¶6 Rule 7.7, RGDP, provides for summary disciplinary proceedings when a member of the Oklahoma Bar has been subjected to discipline in another jurisdiction. An Oklahoma attorney's first duty is to notify the OBA General Counsel's office of the sanction within twenty days of the final order. Rule 7.7(a), RGDP. Failure to report disciplinary action in another jurisdiction is itself grounds for discipline. Id. The Louisiana Supreme Court issued its opinion in this matter in April 2021, and Kutner did not notify the OBA as required.

B. The substantive claims in the Louisiana matter.

¶7 A lawyer who is licensed in Oklahoma, but who engages in the practice of law in another jurisdiction without authorization, is subject to disciplinary action in this State. Rule 5.5(a), Oklahoma Rules of Professional Conduct ("ORPC"), 5 O.S.2011, Ch. 1, App. 3-a. The fact that the lawyer's misconduct resulted in disciplinary action in another state, does not bar further disciplinary action here. Rule 8.5(a), ORPC; State ex rel. OBA v. Auer, 2016 OK 75, ¶ 16, 376 P.3d 243, 248.

¶8 As noted above, Rule 7.7(c), RGDP, provides that a certified copy of the documents and adjudication from the other jurisdiction "shall constitute the charge and be prima facie evidence the lawyer committed the acts therein described." Because Kutner chose not to request a hearing or present any evidence on his own behalf, we base our findings and conclusions about the Louisiana matter on the materials offered by the OBA, along with the letter Kutner wrote to the OBA in June 2021. That record supports a conclusion that Kutner engaged in the unauthorized practice of law in Louisiana. Specifically, Kutner held himself out as a lawyer who could prosecute a civil-rights matter, and accepted funds from a client to do so.

¶9 The OBA goes further, alleging that Kutner's handling of the Louisiana matter would constitute professional misconduct had it occurred in Oklahoma. Again, the record before us supports this allegation. The lawsuit that Kutner filed on behalf of his Louisiana client was eventually dismissed for failure to obtain service on the defendants. Kutner stopped communicating with his client, who had paid several thousand dollars in fees to Kutner and his wife. We find that, in addition to ORPC Rule 5.5 (unauthorized practice of law), Kutner's conduct would violate ORPC Rule 1.3 (reasonable diligence in representation), Rule 1.4(a)(3) (keeping client reasonably informed of the status of the case), Rule 1.4(a)(4) (promptly complying with reasonable requests for information), and Rule 1.16(d) (returning unearned fees when representation has ended).

¶10 It does not appear that Kutner contested the operative facts during the Louisiana proceedings. He agreed to the discipline proposed by the authorities there. However, we do note that in his June 2021 letter to the OBA, Kutner seemed to take issue with both the substantive claims in Louisiana and the process afforded him there. He even calls the Louisiana Supreme Court's decision "baseless" -- which is peculiar, since Kutner not only admitted the allegations but agreed to the sanction imposed. In his letter, Kutner claims he was prevented from seeking a hearing in the Louisiana matter due to age and poor health, coupled with concerns during the COVID-19 pandemic. He states that he "has no open cases and no clients and no plans to alter that status," but nevertheless objects to disciplinary action in Oklahoma, claiming he has been licensed here "for over fifty years with an impeccable record."

C. Whether disciplinary action is warranted.

¶11 Having found that Kutner committed the misconduct alleged, we now consider appropriate discipline. While the OBA may suggest what sort of disciplinary action is warranted, this Court is not bound by that suggestion. State ex rel. OBA v. Loeliger, 2005 OK 79, ¶ 15, 127 P.3d 591, 595. When we do impose discipline, this Court strives toward some degree of proportionality -- to impose discipline that is consistent with that imposed on other lawyers for similar misconduct. State ex rel. OBA v. Kleinsmith, 2013 OK 16, ¶ 4, 297 P.3d 1248, 1250. In a reciprocal disciplinary proceeding, we may also consider the severity of the discipline imposed by the other jurisdiction in assessing what discipline, if any, is appropriate in Oklahoma. See State ex rel. OBA v. Hyde, 2017 OK 59, ¶ 30, 397 P.3d 1286, 1293-94. We may consider whether the sanction imposed by the affected jurisdiction is sufficient to "stop the offending conduct and effectively served the purpose of discipline -- protecting the courts, the public, and the legal system." Id. at ¶ 31, 397 P.2d at 1294.

¶12 The instant matter involved a single client and a single lawsuit. In addition, the OBA itself points to several facts which tend to mitigate Kutner's situation: (1) his return of unearned fees to the Louisiana client; (2) his remorse for his conduct; and (3) the absence of any prior discipline over a long legal career. Kutner has been licensed to practice law in Oklahoma for several decades. We have recognized each of these as mitigating in prior cases. See e.g. State ex rel. OBA v. Combs, 2007 OK 65, ¶ 35, 175 P.3d 340, 351. We also note that the Louisiana matter occurred almost ten years ago. It is not clear why disciplinary action was not initiated there until 2017. In any event, we are unaware of any complaints against Kutner since that time.

¶13 In State ex rel. OBA v. Benefield, 2005 OK 75, 125 P.3d 1191, we found that a lawyer's failure to tend to two clients' affairs, and failure to reasonably communicate with the clients, warranted a one-year suspension from the practice of law. In so holding, we noted that the lawyer had a history of similar client neglect spanning several years. Id. at ¶¶ 31-33, 125 P.3d at 1196.

¶14 In Hyde, we found that a lawyer's conduct in several federal bankruptcy cases "exceeded the bounds of zealous advocacy" to the point of "insolence." 2017 OK 59, ¶ 33, 397 P.3d at 1294. Nevertheless, we noted that the lawyer was inexperienced and promptly reported the bankruptcy court's disciplinary action to the OBA. We concluded that a six-month suspension from practice in Oklahoma was an appropriate sanction. Id. at ¶ 34, 397 P.3d at 1294.

¶15 In Kleinsmith, a lawyer acted negligently with regard to a number of arbitration matters in Arizona. He also failed to notify the OBA of disciplinary action taken by Arizona authorities. We found a public censure was sufficient reciprocal discipline. While recognizing our own de novo review of the circumstances, we also gave "due weight" to the sanction imposed by the Arizona bar (reprimand and one year of probation). 2013 OK 16, ¶ 5, 297 P.3d at 1251.

¶16 In State ex rel. OBA v. Green, 2020 OK 21, 465 P.3d 1197, a lawyer's neglect of one client's legal matter resulted in a default judgment (which was later vacated). The lawyer failed to respond to his client's inquiries. He also failed to cooperate with the OBA's investigation of the matter, such that the OBA alleged his lack of cooperation as independent grounds for discipline. While the OBA sought disbarment, we found a ninety-day suspension was sufficient. We noted that the lawyer was inexperienced, that he had personal issues which may have affected his mental health, and that the overall damage to the client was minimal. Id. at ¶¶ 28-30, 465 P.3d at 1205.

¶17 In the instant case, the OBA asks that Kutner be suspended from the practice of law in Oklahoma for eighteen months. This is the same sanction imposed by the Supreme Court of Louisiana. It is also a sanction that Kutner agreed to there. Under the circumstances, we believe due weight should be given to that state's assessment. Kleinsmith, 2013 OK 16, ¶ 5, 297 P.3d at 1251.

CONCLUSION

¶18 Having found clear and convincing evidence that Kutner, a veteran attorney, engaged in the unauthorized practice of law in Louisiana, that he neglected that legal matter as well, and that he failed to notify the OBA of the Louisiana disciplinary action, this Court finds that he should be suspended from the practice of law in Oklahoma for eighteen months, to begin on the same date that the Supreme Court of Louisiana imposed its sanction: April 20, 2021. Pursuant to Rules 6.13 and 6.16, RGDP, the OBA has filed an application to assess costs in this matter against Kutner in the amount of $15.05. The OBA's application is granted.

CONCUR: Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Gurich and Kuehn, JJ.

CONCUR IN PART/DISSENT IN PART: Combs and Rowe, JJ.

Combs, J., concurring in part and dissenting in part:

"I would suspend the Respondent for two years from the date of this opinion."

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 2005 OK 75, 125 P.3d 1191, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BENEFIELDDiscussed
 2005 OK 79, 127 P.3d 591, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. LOELIGERDiscussed
 2007 OK 65, 175 P.3d 340, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COMBSDiscussed
 2012 OK 20, 273 P.3d 56, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BELLAMYDiscussed
 2013 OK 16, 297 P.3d 1248, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KLEINSMITHDiscussed at Length
 2015 OK 25, 350 P.3d 131, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WINTORYDiscussed
 2016 OK 75, 376 P.3d 243, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. AUERDiscussed
 2017 OK 59, 397 P.3d 1286, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. HYDEDiscussed at Length
 2020 OK 21, 465 P.3d 1197, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GREENDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA