2008 OK 50

STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,

v.

Dewayne Dell RYMER, Respondent.

No. SCBD–5390.

Supreme Court of Oklahoma.

May 27, 2008.

Janis Hubbard, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Dewayne D. Rymer, Littleton, CO, pro se.

TAYLOR, J.

¶ 1 The complainant, the Oklahoma Bar Association (OBA), instituted this attorney disciplinary proceeding under the authority of Rule 7.7 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, ch. 1, app. 1–A, following the disbarment of respondent, Dewayne Dell Rymer (Rymer), in Colorado. Rymer was admitted to the practice of law in Oklahoma on May 5, 1989, and was licensed to practice law in Colorado in 1997. On July 2, 2007, Rymer was suspended from the practice of law in Oklahoma for failing to pay his OBA dues.

¶ 2 On December 3, 2007, Rymer was disbarred from the practice of law by order of the Colorado Supreme Court for violating Rule 8.4(c) of the Colorado Rules of Professional Conduct. Colorado's Rule 8.4(c) provides: "It is professional misconduct for a lawyer to … engage in conduct involving dishonesty, fraud, deceit or misrepresentation." The Colorado Supreme Court's order affirmed the Hearing Board's order of disbarment. The Hearing Board found that Rymer, while acting as trustee of his client's trust fund, converted $268,247.95 from the fund and "still owes the trust approximately $231,914.76" and ordered Rymer to pay the $231,914.76 in restitution. The Board rejected Rymer's contention that the transfers of the funds were loans authorized by the trust documents. In determining the appropriate discipline, the Board found the existence of several aggravating factors: "dishonest or selfish conduct, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of his conduct, vulnerable victims, substantial experience in the practice of law, and indifference to making restitution."

¶ 3 On March 18, 2008, by this Court's order, Rymer was directed to show cause, by written response to be filed on or before April 7, 2008, why he should not be disciplined by this Court based on the disbarment order of Colorado Supreme Court. Rymer failed to file a response. The OBA filed a brief on April 21, 2008, seeking Rymer's disbarment from the practice of law in Oklahoma. On May 7, 2007, Rymer filed a brief in response. Rymer attached an opening brief and a reply brief purportedly filed in the Colorado disciplinary proceedings. He also attached a copy of an order issued by this Court on March 26, 2007, declining the complainant's request for prosecutorial direction after the respondent had received an interim suspension in Colorado, and a copy of his curriculum vitae.

¶ 4 The documents disbarring Rymer from the practice of law in Colorado are "prima facie evidence that he committed the acts described therein." RGDP at Rule 7.7. Rymer has the burden of proof of showing that the findings forming the basis of the Colorado disbarment were not supported by the evidence or that the findings are not sufficient grounds for discipline in Oklahoma. *State ex rel. Okla. Bar Ass'n v. Henderson*, 1999 OK 29, ¶ 4, 977 P.2d 1096, 1098. Rymer has failed to meet this burden.

¶ 5 Rule 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001 & Supp.

2008, ch. 1, app. 3–A, is the same as Rule 8.4(c) of the Colorado Rules of Professional Conduct, the rule which served as the basis for disbarment there. The misconduct for which Rymer was disbarred by the Colorado Supreme Court, converting trust funds, constitutes a violation of Rule 8.4(c) of the Oklahoma Rules of Professional Conduct. Disbarment is consistent with discipline imposed by this Court in similar cases. *State ex rel. Okla. Bar Ass'n v. Arnold,* 2003 OK 31, 72 P.3d 10 (disbarment proper discipline for converting money entrusted to a lawyer by a client).

¶ 6 Rymer appears to advocate that he should not be disbarred in Oklahoma because of his lack of previous discipline in Oklahoma and Colorado, his alleged cooperation in the investigation against him, and the alleged unusual circumstances surrounding the Colorado proceedings. He further appears to advocate that this Court's order of discipline should be effective from the time that he voluntarily suspended himself from the practice of law in Colorado. Rymer's reasons for imposing a discipline less than disbarment and for making this Court's order effective retroactively are unconvincing.

¶ 7 The acts for which Rymer was disbarred in Colorado warrant disbarment in Oklahoma. It is ordered that the respondent, Dewayne Dell Rymer, OBA No. 13526, be disbarred and his name stricken from the roll of attorneys.

**RESPONDENT DISBARRED AND NAME STRICKEN FROM ROLL OF ATTORNEYS EFFECTIVE FROM THE DATE OF THIS OPINION.**

ALL JUSTICES CONCUR.