COMBS, C.J.:
 

 ¶1 Respondent Philip M. Kleinsmith (Respondent), OBA No. 13857, is an attorney licensed to practice law in the State of Oklahoma and was admitted to the Oklahoma Bar Association on October 12, 1989. This disciplinary matter comes before the Court pursuant to Rule 7.7 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. Supp. 2015, ch. 1, app. 1-A
 
 [1]
 
 , based upon an opinion of the Supreme Court of the State of Colorado affirming Respondent's disbarment from the practice of law.
 

 ¶2 The Supreme Court of Colorado determined that Respondent violated Colorado Rules of Professional Conduct (Colo. RPC) 8.4(c) and 1.15A (as well as the former Colo. RPC 1.15(b) ), by committing knowing conversion/misappropriation.
 
 [2]
 
 The court determined Respondent knowingly misappropriated roughly $57,338. The amount in question was billed to Respondent's firm Kleinsmith & Associates, PC (in which he was a solo practitioner) by First American Title Company, LLC and First American Title of Montana, Inc. (collectively, First American) for title services in connection with Respondent's representation of a client, U.S. Bank. Respondent obtained the $57,338 from his client U.S. Bank by billing for "title commitment" but proceeded to use the funds U.S. Bank gave him for his firm's unrelated operating expenses rather than paying First American the amount it was owed. First American subsequently filed a lawsuit and obtained a judgment for $55,782 against Respondent's firm, which it has been largely unable to collect.
 
 [3]
 

 *367
 
 ¶3 After the instigation of disciplinary proceedings, respondent was disbarred by the Hearing Board and ordered to pay restitution to First American. Respondent subsequently appealed. The Supreme Court of Colorado rejected Respondent's arguments that he did not knowingly convert funds from U.S. Bank because under the Colo. RPC those funds were the property of his firm, not First American. The court also rejected Respondent's constitutional claims concerning his rights to due process and equal protection under the law.
 

 ¶4 The opinion of the Supreme Court of the State of Colorado, submitted to this Court by the Complainant pursuant to Rule 7.7(b), RGDP, constitutes the charge and is prima facie evidence that Respondent committed the acts described therein. Rule 7.7(b), RGDP, 5 O.S. Supp. 2015, ch. 1, app. 1-A;
 
 State ex rel. Okla. Bar Assoc. v. Wintory,
 

 2015 OK 25
 

 , ¶ 16,
 

 350 P.3d 131
 

 ;
 
 State ex rel. Okla. Bar Ass'n v. Rymer,
 

 2008 OK 50
 

 , ¶ 4,
 

 187 P.3d 725
 

 ;
 
 State ex rel. Okla. Bar Ass'n v. Henderson,
 

 1999 OK 29
 

 , ¶ 4,
 

 977 P.2d 1096
 

 . The burden is placed on Respondent to show that the findings forming the basis of the Colorado disbarment were not supported by the evidence or that the findings are not sufficient grounds for discipline in Oklahoma.
 
 Rymer,
 

 2008 OK 50
 

 at ¶ 4,
 
 187 P.3d 725
 
 ;
 
 Henderson,
 

 1999 OK 29
 

 at ¶ 4,
 
 977 P.2d 1096
 
 . In an order filed on November 14, 2017, this Court directed Respondent to show cause in writing by December 5, 2017, why a final order of discipline should not be imposed. The November 14, 2017, order also gave Respondent the opportunity to submit a brief or evidence in mitigation as well as a transcript to challenge the Colorado findings. Respondent has failed to respond in any capacity.
 
 [4]
 

 ¶5 This cause is not the first time Respondent has found himself subject to reciprocal disciplinary proceedings before this Court pursuant to Rule 7.7, RGDP. In
 
 State ex rel. Okla. Bar Ass'n v. Kleinsmith,
 
 this Court publicly censured Respondent based upon discipline in Arizona for negligently filing improper arbitration certificates and for failing to notify the General Counsel of his discipline in Arizona as required by Rule 7.7, RGDP.
 

 2013 OK 16
 

 , ¶ 6,
 

 297 P.3d 1248
 

 .
 

 ¶6 The Supreme Court of Oklahoma possesses a nondelegable, constitutional responsibility to regulate the practice of law and the licensure, ethics, and discipline of legal practitioners in this state.
 
 State ex rel. Okla. Bar Ass'n v. Wintory,
 

 2015 OK 25
 

 , ¶ 14,
 

 350 P.3d 131
 

 ;
 
 State ex rel. Okla. Bar Ass'n v. Wilcox,
 

 2014 OK 1
 

 , ¶ 2,
 

 318 P.3d 1114
 

 ;
 
 State ex rel. Okla. Bar Ass'n v. McArthur,
 

 2013 OK 73
 

 , ¶ 4,
 

 318 P.3d 1095
 

 . In disciplinary proceedings, this Court acts as a licensing court in the exercise of our exclusive original jurisdiction.
 
 Wintory,
 

 2015 OK 25
 

 at ¶ 14,
 
 350 P.3d 131
 
 ;
 
 Wilcox,
 

 2014 OK 1
 

 at ¶ 2,
 
 318 P.3d 1114
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Garrett,
 

 2005 OK 91
 

 , ¶ 3,
 

 127 P.3d 600
 

 .
 

 ¶7 In a reciprocal disciplinary proceeding, it is within this Court's discretion to visit the same discipline as that imposed in the other jurisdiction or one of greater or lesser severity.
 
 Kleinsmith,
 

 2013 OK 16
 

 at ¶ 4,
 
 297 P.3d 1248
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Patterson,
 

 2001 OK 51
 

 , ¶ 33,
 

 28 P.3d 551
 

 . We also strive to impose a quantum of discipline upon an offending lawyer that is consistent with that imposed upon other lawyers for similar acts of professional misconduct.
 
 State ex rel. Okla. Bar Ass'n v. Hyde,
 

 2017 OK 59
 

 , ¶ 30,
 

 397 P.3d 1286
 

 ;
 
 Kleinsmith,
 

 2013 OK 16
 

 at ¶ 4,
 
 297 P.3d 1248
 
 . Complainant asserts that the record is complete and sufficient for this Court's de novo review, and further asserts that disbarment is warranted under these circumstances. We agree.
 

 ¶8 This Court has previously noted that the version of Colo. RPC 8.4(c) in effect at
 
 *368
 
 the time of Respondent's misconduct
 
 [5]
 
 is identical to Rule 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC),
 
 5 O.S. 2011
 
 , ch. 1, app. 3-A.
 
 [6]
 

 Rymer,
 

 2008 OK 50
 

 at ¶5,
 
 187 P.3d 725
 
 . Colo. RPC 1.15A(a)
 
 [7]
 
 is also substantially similar to Rule 1.15(a), ORPC,
 
 5 O.S. 2011
 
 , ch. 1, app. 3-A.
 
 [8]
 

 ¶9 Respondent's disbarment for knowing misappropriation egregious enough to violate Colo. RPC 8.4(c) is consistent with the discipline imposed by this Court in similar cases involving misappropriation of funds. This Court recognizes three levels of culpability when evaluating the mishandling of funds: 1) commingling; 2) simple conversion; and 3) misappropriation, i.e., theft by conversion or otherwise.
 
 State ex rel. Okla. Bar Ass'n v. Parsons,
 

 2002 OK 72
 

 , ¶ 12,
 

 57 P.3d 865
 

 ;
 
 State ex rel. Okla. Bar Ass'n v. Taylor,
 

 2000 OK 35
 

 , ¶ 17,
 

 4 P.3d 1242
 

 . These levels of culpability apply regardless of whether the funds in question were those of a client or those of a third party.
 
 Parsons,
 

 2002 OK 72
 

 at ¶¶ 11-12,
 
 57 P.3d 865
 
 ;
 
 Taylor,
 

 2000 OK 35
 

 at ¶¶ 16-18,
 
 4 P.3d 1242
 
 ;
 
 See
 
 Rule 1.15(a), ORPC,
 
 5 O.S. 2011
 
 , ch. 1, app. 3-A.
 

 ¶10 Concerning, misappropriation, this Court noted in
 
 State ex rel. Okla. Bar Ass'n v. Parsons
 
 :
 

 The third, and most serious infraction, occurs when funds are misappropriated. This
 
 *369
 
 happens when an attorney purposefully deprives a client or third person of money by way of deceit and fraud.
 
 See
 

 State ex rel. Oklahoma Bar Ass'n v. Johnston,
 

 1993 OK 91
 

 ,
 

 863 P.2d 1136
 

 . For an attorney to engage in conduct involving dishonesty and deceit is professional misconduct. Rule 8.4(c), ORPC.
 

 2002 OK 71
 

 at ¶ 14,
 
 55 P.3d 1072
 
 .
 

 A lawyer found guilty of intentionally inflicting grave economic harm in mishandling clients' funds is deemed to have committed this most grievous degree of offense.
 
 Taylor,
 

 2000 OK 35
 

 at ¶ 17 n.25,
 
 4 P.3d 1242
 
 ;
 
 State ex rel. Okla. Bar Ass'n v. Johnston,
 

 1993 OK 91
 

 , ¶ 25,
 

 863 P.2d 1136
 

 .
 

 ¶11 This Court has previously held that conversion of funds by a Colorado attorney in violation of Colo. RPC 8.4 merits disbarment in Oklahoma. In
 
 State ex rel. Okla. Bar Ass'n v. Rymer,
 
 this Court determined disbarment was the appropriate discipline for an attorney who was disbarred in Colorado for knowingly converting/misappropriating $268,247.95 in trust funds, an act this Court deemed in violation of Rule 8.4(c), ORPC.
 

 2008 OK 50
 

 at ¶ 5,
 
 187 P.3d 725
 
 .
 
 See
 

 People v. Rymer,
 

 180 P.3d 443
 
 , 447 (Colo. 2007). We explained:
 

 Rule 8.4(c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001 & Supp. 2008, ch. 1, app. 3-A, is the same as Rule 8.4(c) of the Colorado Rules of Professional Conduct, the rule which served as the basis for disbarment there. The misconduct for which Rymer was disbarred by the Colorado Supreme Court, converting trust funds, constitutes a violation of Rule 8.4(c) of the Oklahoma Rules of Professional Conduct. Disbarment is consistent with discipline imposed by this Court in similar cases.
 
 State ex rel. Okla. Bar Ass'n v. Arnold,
 

 2003 OK 31
 

 ,
 

 72 P.3d 10
 

 (disbarment proper discipline for converting money entrusted to a lawyer by a client).
 

 Rymer,
 

 2008 OK 50
 

 at ¶ 5,
 
 187 P.3d 725
 
 .
 

 ¶12 The record before this Court is clear that Respondent engaged in deceitful billing practices that resulted in his client paying $57,338 for First American's services. That amount was then knowingly misappropriated by Respondent and instead used for other purposes, causing substantial harm to First American. The conduct for which Respondent was disbarred in Colorado warrants disbarment in Oklahoma, given Respondent's failure to contest the Complainant's recommendation, the lack of mitigating circumstances, and Respondent's prior disciplinary history. It is hereby ordered that Respondent Philip M. Kleinsmith be disbarred and his name stricken from the roll of attorneys. As Complainant did not file an application to recover the costs of this disciplinary proceeding, no costs are assessed.
 

 RESPONDENT DISBARRED AND NAME STRICKEN FROM ROLL OF ATTORNEYS EFFECTIVE FROM THE DATE OF THIS OPINION
 

 CONCUR: COMBS, C.J., KAUGER, WINCHESTER, EDMONDSON, COLBERT, REIF, and WYRICK, JJ.
 

 CONCUR IN JUDGMENT: GURICH, V.C.J.
 

 [1]
 

 Rule 7.7, RGDP, 5 O.S. Supp. 2015, ch. 1, app. 1-A, provides:
 

 (a) It is the duty of a lawyer licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline.
 

 (b) When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association shall cause to be transmitted to the Chief Justice a certified copy of such adjudication within five (5) days of receiving such documents. The Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline.
 

 [2]
 

 The opinion of the Supreme Court of Colorado uses both "knowing conversion" and "knowing misappropriation" to refer to Respondent's misconduct.
 
 Matter of Kleinsmith,
 

 2017 CO 101
 
 , ¶¶ 13-15,
 
 409 P.3d 305
 
 . It is evident from the
 
 Kleinsmith
 
 opinion and other Colorado precedent that the two terms are equivalent:
 

 Knowing conversion or misappropriation occurs when a lawyer takes money that has been entrusted to him or her by a client or third party, knowing that it is the client or third party's money and that the client or third party has not authorized the taking, regardless of whether the attorney intended to deprive the client or third party of that money permanently.
 
 Kleinsmith,
 

 2017 CO 101
 
 at ¶ 14,
 
 409 P.3d 305
 
 .
 
 See
 

 People v. Varallo,
 

 913 P.2d 1
 
 , 10-11 (Colo. 1996).
 

 [3]
 

 The Supreme Court of Colorado noted that as of the date of its decision, First American had been able to collect only $1,179.20 from Respondent's firm through bank garnishments.
 
 Matter of Kleinsmith,
 

 2017 CO 101
 
 at ¶ 5,
 
 409 P.3d 305
 
 .
 

 [4]
 

 The Proof of Service of Notice of Order of Discipline submitted to this Court by the Complainant on November 30, 2017, indicates Respondent received a copy of the Notice of Order of Discipline via certified mail, signed for on November 17, 2017.
 

 [5]
 

 The version of Colo. RPC 8.4 in effect at the time of Respondent's misconduct provided:
 

 It is professional misconduct for a lawyer to:
 

 (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
 

 (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 

 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
 

 (d) engage in conduct that is prejudicial to the administration of justice;
 

 (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law;
 

 (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law;
 

 (g) engage in conduct, in the representation of a client, that exhibits or is intended to appeal to or engender bias against a person on account of that person's race, gender, religion, national origin, disability, age, sexual orientation, or socioeconomic status, whether that conduct is directed to other counsel, court personnel, witnesses, parties, judges, judicial officers, or any persons involved in the legal process; or
 

 (h) engage in any conduct that directly, intentionally, and wrongfully harms others and that adversely reflects on a lawyer's fitness to practice law.
 

 Rule 8.4 was amended by order effective September 28, 2017, and Rule 8.4(c) now provides:
 

 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation, except that a lawyer may advise, direct, or supervise others, including clients, law enforcement officers, or investigators, who participate in lawful investigative activities;
 

 [6]
 

 Rule 8.4, ORPC,
 
 5 O.S. 2011
 
 , ch. 1, app. 3-A, provides:
 

 It is professional misconduct for a lawyer to:
 

 (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so or do so through the acts of another;
 

 (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 

 (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
 

 (d) engage in conduct that is prejudicial to the administration of justice;
 

 (e) state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate the Rules of Professional Conduct or other law; or
 

 (f) knowingly assist a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.
 

 [7]
 

 Colo. RPC 1.15A(a) provides:
 

 (a) A lawyer shall hold property of clients or third persons that is in the lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in trust accounts maintained in compliance with Rule 1.15B. Other property shall be appropriately safeguarded. Complete records of such funds and other property of clients or third parties shall be kept by the lawyer in compliance with Rule 1.15D.
 

 [8]
 

 Rule 1.15(a), ORPC,
 
 5 O.S. 2011
 
 , ch. 1, app. 3-A, provides:
 

 (a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person. Other property shall be identified as such and appropriately safeguarded. Complete records of such account funds and other property shall be kept by the lawyer and shall be preserved for a period of five years after termination of the representation.