STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SIEGRIST

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SIEGRIST

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SIEGRIST2020 OK 18Case Number: 6825Decided: 03/24/2020THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 18, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KENT LEROY SIEGRIST, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

¶0 The Complainant, State of Oklahoma ex rel. Oklahoma Bar Association, charged the Respondent Kent Leroy Siegrist with two counts of professional misconduct: (1) Respondent's misappropriation of $1,135,000.00 as the Personal Representative of his father's estate, and (2) Respondent's failure to competently and diligently represent another client. The Respondent wholly failed to respond to the Complaint, and failed to appear at the disciplinary hearing, where the facts underlying the Complaint were deemed admitted. The Professional Responsibility Tribunal recommended the Respondent be disbarred from the practice of law and to pay the costs associated with the proceedings. Respondent's actions violate the rules of professional conduct and constitute the commission of acts contrary to prescribed standards of conduct. We hold there is clear and convincing evidence that the Respondent's conduct warrants disbarment. The Respondent is disbarred and ordered to pay the costs as herein provided within ninety days after this opinion becomes final.

RESPONDENT DISBARRED
AND ORDERED TO PAY COSTS.

Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

KANE, J.:

¶1 Complainant State of Oklahoma ex rel. Oklahoma Bar Association began disciplinary proceedings pursuant to Rule 6, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011 ch.1, app. 1-A, alleging two (2) counts of professional misconduct against Respondent Kent Leroy Siegrist. The Respondent is an active member of the Oklahoma Bar Association and is currently in good standing. The Complainant's allegations arise in part from the Respondent's mishandling of his father's estate, as the personal representative for that estate, and misconduct towards a separate client. The Complainant alleges the Respondent's actions are in violation of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2011 ch.1, app. 3-A, and the RGDP and are cause for professional discipline.

I. PROCEDURAL HISTORY

¶2 On May 10, 2018, Respondent's brother, David Siegrist, filed his grievance (Siegrist grievance) against Respondent with the Oklahoma Bar Association. Thereafter, on August 24, 2018, Brian Paige filed his grievance (Paige grievance) against Respondent with the Oklahoma Bar Association. Respondent failed to respond to either grievance. On August 15, 2019, a Complaint was filed in this matter by the Complainant against Respondent pursuant to Rule 6, RGDP, alleging two counts of professional misconduct. Respondent failed to file an Answer to the Complaint. On October 1, 2019, Complainant filed a Notice of Service detailing its attempts to serve Respondent with the Complaint and all of the filed materials in this matter. There is no dispute that Respondent was provided with proper notice of the proceedings.1 On October 8, 2019, Complainant filed an Amended Motion to Deem Allegations Admitted.2 The motion was sustained by the Professional Responsibility Tribunal (PRT) at the beginning of the disciplinary proceedings on October 9, 2019.3 Respondent failed to appear at the hearing.

¶3 On November 8, 2019, the PRT issued its Trial Panel Report (Report). The PRT found by clear and convincing evidence that Respondent violated Rules 1.1, 1.3, 1.4, 1.5, and 8.4(a), (c), and (d), ORPC, and Rules 1.3 and 5.2, RGDP, with the recommendation that Respondent be disbarred from the practice of law and that he be ordered to pay the costs of these proceedings.

II. STANDARD OF REVIEW

¶4 In bar disciplinary proceedings, this Court possesses exclusive original jurisdiction. State ex rel. Okla. Bar Ass'n v. Holden, 1995 OK 25, ¶ 10, 895 P.2d 707, 711. Our review of the evidence is de novo in determining if the Complainant proved its allegations of misconduct by clear and convincing evidence. State ex rel. Okla. Bar Ass'n v. Bolusky, 2001 OK 26, ¶ 7, 23 P.3d 268; Rule 6.12(c), RGDP. Clear and convincing evidence is that measure or degree of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. See State ex rel. Okla. Bar Ass'n v. Green, 1997 OK 39, ¶ 5, 936 P.2d 947, 949. Our goals in disciplinary proceedings are to protect the interests of the public and to preserve the integrity of the courts and the legal profession, not to punish the offending lawyers. State ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31, ¶ 15, 212 P.3d 1186.

¶5 Whether to impose discipline is a decision that rests solely with this Court, and the recommendations of the PRT are neither binding nor persuasive. See State ex rel. Okla. Bar Ass'n v. Eakin, 1995 OK 106, ¶ 8, 914 P.2d 644, 648. To make this assessment, we must receive a record that permits "an independent on-the-record-determination of the critical facts" and impose appropriate discipline. State ex rel. Okla. Bar Ass'n v. Schraeder, 2002 OK 51, ¶ 6, 51 P.3d 570. The Complainant submitted the record in this case which consisted of: (1) the pleadings filed with the Supreme Court; (2) the transcript of the hearing before the PRT on October 9, 2019; (3) Complainant's Exhibits 1-52; (4) Complainant's Application to Assess Costs in the amount of $2,794.50 filed on November 8, 2019; and (5) the PRT's Report filed on November 8, 2019. We agree that the record before us is complete.

III. THE GRIEVANCES

A. Count I - The Siegrist Grievance

¶6 Respondent's father passed away and a probate was filed on May 5, 2008 in Canadian County, Case No. PB-2008-68. Respondent was named the Personal Representative of his father's estate in 2008. Thereafter, on or about May 3, 2017, David Siegrist, Respondent's brother, hired attorney Richard Fogg to represent him in the probate proceeding, and Mr. Fogg filed a Petition for Accounting. Mr. Fogg also sought to have his client David Siegrist named as the Personal Representative, thereby replacing Respondent as the Personal Representative.

¶7 Mr. Fogg testified that Respondent, as the Personal Representative of his father's estate, failed to file state and federal tax returns for several years. Mr. Fogg attended at least nine court appearances on behalf of David Siegrist in the probate proceeding. Respondent only appeared twice.4 Respondent, likewise, failed to attend his deposition and the scheduled mediation in the probate proceeding. Mr. Fogg's legal assistant, Katie Reed, testified how she spent an extensive amount of time looking through the estate and Respondent's personal bank accounts trying to determine how much money was taken from the estate and transferred to accounts owned by Respondent.

¶8 On April 25, 2018, a Journal Entry of Judgment was entered by Judge Hatfield which found that Respondent had converted $1,135,000.00 of estate funds while acting as the Personal Representative of his father's estate. Specifically, Judge Hatfield found, in pertinent part, that:

Respondent should be charged with a statutory enhancement of recovery as a result of conversion, breach of duty of the Court's Citation and to the Estate, disposition of monies, goods or chattels of the decedent, misappropriation and unauthorized transfers of estate assets for his personal use and enters Judgment against Respondent, Kent Siegrist, to double the present amount of interim Judgment of $1,135,000.00 to a stated interim Judgment in the sum of $2,270,000.00. . . .

Judge Hatfield further found that Respondent was in contempt of court and guilty of conversion, misappropriation, willful breach, and disregard of duty. These judgments were not appealed and stand as final adjudications.

B. Count II -- The Paige Grievance

¶9 Brian Paige paid Respondent $800.00 to represent him in his Chapter 13 bankruptcy proceeding. Respondent failed to timely file Paige's amended bankruptcy plan causing the case to be dismissed. Paige testified that he tried to contact Respondent numerous times but was unable to reach him. When Paige finally connected with him, Respondent admitted that it was his fault the amended bankruptcy plan was not timely filed and that he would try and get it reinstated. Respondent also told Paige that he had "relapsed" due to his drinking and was going into "treatment". Eventually, Paige had to have another attorney represent him in his bankruptcy proceeding.

IV. THE RULE VIOLATIONS

¶10 The PRT filed its Report on November 8, 2019. The Report found the Complainant had proven by clear and convincing evidence that Respondent violated Rules 1.1 (Competence)5, 1.3 (Diligence)6, 1.4 (Communication)7, 1.5 (Fees)8, and 8.4(a), (c), and (d), (Violating Rules of Professional Conduct/Engaging in Conduct Involving Dishonesty, Fraud, Deceit or Misrepresentation),9 ORPC, and Rules 1.3 (Discipline for Acts Contrary to Prescribed Standards of Conduct) and 5.2 (Investigations)10, RGDP, with the recommendation that Respondent be disbarred from the practice of law and that he be ordered to pay the costs of these proceedings.

¶11 For conduct to constitute a Rule 8.4, ORPC, violation, the misrepresentation, dishonesty, fraud and/or deceit must be shown by clear and convincing evidence that the declarant had an underlying motive, i.e., bad or evil intent, for making the statement. See State ex rel. Okla. Bar Ass'n v. Johnston, 1993 OK 91, ¶ 16, 863 P.2d 1136, 1143. An intent element is required and the complainant must adequately show the attorney had a purpose to deceive. State ex rel. Okla. Bar Ass'n v. Besly, 2006 OK 18, ¶ 43, 136 P.3d 590.

¶12 The Complainant asserts in its brief that the Respondent's actions constitute misappropriation of the estate's funds in regards to the Siegrist grievance. This Court has explained many times the three levels of culpability regarding the mishandling of client funds. The three levels are commingling, simple conversion, and misappropriation. State ex rel. Okla. Bar Ass'n v. Combs, 2007 OK 65, ¶ 13, 175 P.3d 340. Misappropriation is the most serious offense of the three. It is not merely simple conversion, i.e., the use of a client's funds for a purpose other than that for which they are intended, but additionally involves an element of deceit and fraud. Id. ¶¶ 15-16.

¶13 We agree with the Complainant that Respondent's behavior in regards to the Siegrist grievance was dishonest, fraudulent, deceitful, and that he misappropriated the estate's funds for his own personal benefit. We find clear and convincing evidence that Respondent intentionally deceived his brother and the court about the status of his father's estate. Respondent's actions and inactions elevated Respondent's behavior from simple conversion to misappropriation, as Respondent repeatedly failed to respond to inquiries from his brother and his brother's attorney concerning the status of the estate, which forced David Siegrist to hire counsel to request a formal accounting from the estate.

¶14 We hold that the Complainant has proven by clear and convincing evidence the Respondent violated Rules 8.4(c) and (d), ORPC, and Rules 1.3 and 5.2, RGDP, in regards to the Siegrist grievance. Respondent failed to respond to the Siegrist grievance, failed to answer the Complaint and failed to appear at his own disciplinary hearing.

¶15 In regards to the Paige grievance, Respondent failed to timely file Paige's amended bankruptcy plan causing the case to be dismissed. After numerous attempts to contact and communicate with Respondent, Paige testified that Respondent admitted that it was his fault the bankruptcy plan was not timely filed and that he would try and get it reinstated. Ultimately, Paige was forced to retain different counsel to represent him in his bankruptcy case. Respondent's actions show a lack of diligence and failure to communicate with his client. See Rules 1.3 and 1.4, RGDP. Respondent did not provide competent representation to Paige, nor did he earn the $800.00 fee he was paid. See Rules 1.1 and 1.5, RGDP.

¶16 We hold Complainant has also proven by clear and convincing evidence that Respondent failed to competently and diligently represent Paige, failed to properly communicate with Paige, failed to earn the fee paid to him by Paige for legal services, and that Respondent's neglect caused an undue prejudice to the administration of justice, all in violation of Rules 1.1, 1.3, 1.4, 1.5 and 8.4(a) and (d), ORPC, and Rules 1.3 and 5.2, RGDP.

V. DISCIPLINE

¶17 Discipline is imposed to preserve public confidence in the Bar. State ex rel. Okla. Bar Ass'n v. Phillips, 2002 OK 86, ¶ 21, 60 P.3d 1030. Our goal is not to punish, but to gauge an attorney's continued fitness to practice law in order to safeguard the interest of the public, the courts, and the legal profession. Id. This Court also administers discipline to deter an attorney from similar future conduct and to act as a restraining vehicle on others who might consider committing similar acts. State ex rel. Okla. Bar Ass'n v. Townsend, 2012 OK 44, ¶ 31, 277 P.3d 1269. Discipline is fashioned to coincide with the discipline imposed upon other attorneys for like acts of professional misconduct. Id.

¶18 The Court has consistently disbarred attorneys for conduct similar to Respondent's. In State ex rel. Okla. Bar Ass'n v. Kleinsmith, 2018 OK 5, 411 P.3d 365, this Court found that Kleinsmith should be disbarred due to his deceitful billing practices that resulted in his client paying approximately $57,000 for services rendered that was then misappropriated by respondent for his own benefit. See id. ¶ 12. Similar to the facts in the present case, this Court in State ex rel. Okla. Bar Ass'n v. Arnold, 2003 OK 31, 72 P.3d 10, disbarred attorney/trustee Arnold based on his conversion of client funds, specifically holding that the harshest discipline should be applied due to the attorney's special relationship as the trustee of the trust/estate. See id. ¶ 22. Likewise, in State ex rel. Okla. Bar Ass'n v. Mayes, 2003 OK 23, 66 P.3d 398, this Court imposed disbarment as discipline not only because the attorney misappropriated his client's funds, but we also emphasized the significance of his failure to cooperate with the grievance process. See id. ¶ 32.

¶19 In the present case, Respondent not only has failed to cooperate, but appears to have taken active efforts to thwart the disciplinary process by evasion of service.11 These uncontroverted facts, combined with the fact that Respondent failed to respond to either grievance, failed to file an Answer to the Complaint, and failed to even appear for his own disciplinary hearing shows a complete indifference by Respondent to the grievance process, and the legitimate goals advanced by said process.

¶20 In addition to the Respondent's misappropriation of his clients' funds, his other misconduct warrants discipline. See State ex rel. Okla. Bar Ass'n v. Whitebook, 2010 OK 72, ¶ 17, 242 P.3d 517 (attorney disciplined and suspended for failure to provide competent representation, failure to act with diligence, failure to keep clients reasonably informed, failure to comply with reasonable requests for information, and failure to charge a client a reasonable fee); State ex rel. Okla. Bar Ass'n v. Beasley, 2006 OK 49, ¶ 44, 142 P.3d 410 (attorney disciplined and suspended for failure to act with diligence, failure to communicate with clients, failure to refund unearned fees, and failure to provide information to the bar).

¶21 We agree with Complainant's recommendation that Respondent be disbarred from the practice of law and that he be ordered to pay the costs of these proceedings. Respondent's misconduct is disturbing. It is our difficult duty to withdraw a license to practice law, but we shall if necessary to protect the interest of the public and the legal profession as a whole. Because Respondent has failed to participate at any level in regards to these two grievances and the corresponding Complaint, the record is silent as to Respondent's point of view and thus, we have no choice but to adopt the facts as presented to us by the Complainant. See Rule 5.2, RGDP. We hold that the Respondent's misconduct warrants disbarment. Accordingly, it is ordered by this Court that the Respondent be disbarred and his name be stricken from the roll of attorneys licensed to practice law in this state.

VI. ASSESSMENT OF COSTS

¶22 The Complainant filed an application to assess costs on November 8, 2019. The total amount assessed was $2,794.50. Rule 6.13, RGDP, provides in pertinent part:

Within thirty (30) days after the conclusion of the hearing, the Trial Panel shall file with the Clerk of the Supreme Court a written report which shall contain the Trial Panel's findings of fact on all pertinent issues and conclusions of law (including a recommendation as to discipline, if such is found to be indicated, and a recommendation as to whether the costs of the investigation, record and proceedings should be imposed on the respondent) . . . .

Rule 6.15, RGDP, provides: "(a) The Supreme Court may approve the Trial Panel's findings of fact or make its own independent findings, impose discipline, dismiss the proceedings or take such other action as it deems appropriate." We deem the payment of costs in this matter to be appropriate. Rule 6.16, RGDP, requires a disciplined lawyer to pay the costs of the disciplinary proceeding within 90 days after the Supreme Court's order becomes effective unless the costs are remitted in whole or in part by the Court for good cause shown. The Respondent is ordered to pay the cost of this proceeding in the amount of $2,794.50 within ninety (90) days after this opinion becomes final.

RESPONDENT DISBARRED
AND ORDERED TO PAY COSTS.

ALL JUSTICES CONCUR.

FOOTNOTES

1 In this case, Complainant mailed a copy of the Siegrist grievance to Respondent on May 23, 2018, requesting a response within twenty (20) days. Complainant sent a second letter to Respondent, with the Siegrist grievance enclosed, on November 27, 2018, via electronic mail, regular mail, and certified mail, requesting a response within twenty (20) days. Complainant mailed a copy of the Paige grievance to Respondent on August 29, 2018, requesting a response within twenty (20) days. Complainant also sent a second copy of the Paige grievance to Respondent enclosed within the November 27, 2018 letter via electronic mail, regular mail, and certified mail. See Rule 13.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2011 ch.1, app. 1-A.

On August 15, 2019, a copy of the formal Complaint and entry of appearance was mailed certified mail, return receipt requested, to Respondent at his official roster address as listed with the Oklahoma Bar Association. See Rule 6.7, RGDP, 5 O.S.2011 ch.1, app. 1-A.

Additional letters were mailed by the Complainant to Respondent regarding the Siegrist and Paige grievances and the corresponding Complaint, including a letter mailed on August 21, 2019, enclosing a copy of the formal Complaint and entry of appearance to an additional mailing address which Respondent was using when filing documents with the courts and a final letter, mailed September 10, 2019, which contained copies of all of the filed pleadings, was mailed to Respondent's official roster address and to the Respondent's second address. Complainant even went as far as employing a private process server. The private process server, John Lichtenegger, testified he made fourteen attempts to serve Respondent. Twice he testified he saw Respondent and tried to serve him, but was unsuccessful. He testified he believed Respondent was trying to avoid service.

The Complainant went above and beyond the service requirements as set forth in Rule 13.1, RGDP. Despite all of Complainant's efforts, Respondent failed to respond to the grievances, failed to respond to the Complaint when the disciplinary action was filed against him, and failed to appear for his disciplinary hearing.

2 See Rule 6.5, RGDP, 5 O.S.2011 ch.1, app. 1-A.

3 See Rule 6.4, RGDP, 5 O.S.2011 ch.1, app. 1-A.

4 One of Respondent's appearances was a hearing on his assets.

5 "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation." Rule 1.1, ORPC, 5 O.S.2011 ch.1, app. 3-A.

6 "A lawyer shall act with reasonable diligence and promptness in representing a client." Rule 1.3, ORPC, 5 O.S.2011 ch.1, app. 3-A.

7 Rule 1.4, ORPC, 5 O.S.2011 ch.1, app. 3-A provides:

A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;
(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;
(3) keep the client reasonably informed about the status of the matter;
(4) promptly comply with reasonable requests for information; and
(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional conduct or other law.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

8 Rule 1.5, ORPC, 5 O.S.2011 ch.1, app. 3-A provides, in pertinent part:

O. A lawyer shall not make an agreement for, charge or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved; and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

9 Rule 8.4(a), (c) and (d), ORPC, 5 O.S.2011 ch.1, app. 3-A provides, in pertinent part:

It is professional misconduct for a lawyer to:

(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;

....

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

(d) engage in conduct that is prejudicial to the administration of justice....

10 Rule 5.2, RGDP, 5 O.S.2011 ch.1, app. 1-A provides, in pertinent part:

After making such preliminary investigations as the General Counsel may deem appropriate the General Counsel shall either (1) notify the person filing the grievance and the lawyer that the allegations of the grievance are inadequate, incomplete, or insufficient to warrant the further attention of the Commission, provided that such action shall be reported to the Commission at its next meeting, or (2) file and serve a copy of the grievance . . . upon the lawyer, who shall thereafter make a written response which contains a full and fair disclosure of all the facts and circumstances pertaining to the respondent's lawyer's alleged misconduct . . . . Deliberate misrepresentation in such response shall itself be grounds for discipline. The failure of a lawyer to answer within twenty (20) days after service of the grievance (or recital of the factual allegations) . . . shall be grounds for discipline.

(emphasis added).

11 See, supra note 1.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Supreme Court Cases
 CiteNameLevel

 1993 OK 91, 863 P.2d 1136, 64 OBJ 2082, State ex rel. Oklahoma Bar Ass'n v. JohnstonDiscussed
 2001 OK 26, 23 P.3d 268, 72 OBJ 832, STATE ex. rel. OKLAHOMA BAR ASSN. v. BOLUSKYDiscussed
 1997 OK 39, 936 P.2d 947, 68 OBJ 1288, State ex rel. Oklahoma Bar Ass'n v. GreenDiscussed
 2002 OK 51, 51 P.3d 570, STATE EX. REL. OKLAHOMA BAR ASSOCIATION v. SCHRAEDERDiscussed
 1995 OK 25, 895 P.2d 707, 66 OBJ 1108, State ex rel. Oklahoma Bar Assn. v. HoldenDiscussed
 1995 OK 106, 914 P.2d 644, 66 OBJ 3187, State ex rel. Oklahoma Bar Assn. v. EakinDiscussed
 2002 OK 86, 60 P.3d 1030, STATE ex. rel. OKLAHOMA BAR ASSN. v. PHILLIPSDiscussed
 2003 OK 23, 66 P.3d 398, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. MAYESDiscussed
 2003 OK 31, 72 P.3d 10, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. ARNOLDDiscussed
 2006 OK 18, 136 P.3d 590, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BESLYDiscussed
 2006 OK 49, 142 P.3d 410, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BEASLEYDiscussed
 2007 OK 65, 175 P.3d 340, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COMBSDiscussed
 2009 OK 31, 212 P.3d 1186, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KINSEYDiscussed
 2010 OK 72, 242 P.3d 517, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. WHITEBOOKDiscussed
 2012 OK 44, 277 P.3d 1269, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. TOWNSENDDiscussed
 2018 OK 5, 411 P.3d 365, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. KLEINSMITHDiscussed

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA