OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JANZEN

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. JANZEN
2020 OK 98
Case Number: SCBD-6903
Decided: 12/08/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 98, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
CAROLYN JANZEN, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE
PURSUANT TO RULES 7.1 AND 7.2 RULES
GOVERNING DISCIPLINARY PROCEEDINGS

Â¶0 The Oklahoma Bar Association initiated summary disciplinary proceedings against Respondent pursuant to Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings following Respondent's plea of "no contest" in the felony crime of Obtaining Property by Trick or Deception, False Pretenses, Confidence Game. Respondent has not provided any response or evidence to mitigate the severity of discipline. The Bar recommended the appropriate discipline was disbarment. After de novo review, this Court finds that Respondent is guilty of misconduct and the appropriate discipline is disbarment.

RESPONDENT DISBARRED

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant,

Carolyn Janzen, Hinton, Oklahoma, Respondent.

OPINION

EDMONDSON, J.

Â¶1 Janzen was admitted to the Oklahoma Bar Association on October 18, 1994. She was stricken from the Membership Rolls for failure to pay dues effective September, 2004. In July, 2010, Janzen misrepresented herself to be an attorney practicing law in the State of Oklahoma, to individuals seeking legal services. She was paid approximately $7,100 to provide legal representation relating to a court proceeding in Greer County. Janzen never appeared in court in this matter. Instead, she made excuses why she could not appear and requested continuances of court dates. It was later brought to the attention of the court in December, 2011 that Janzen was stricken from the OBA membership rolls effective September 20, 2004 and she did not have a current license to practice law in the State of Oklahoma.

Â¶2 On April 23, 2012 a Probable Cause Affidavit for Arrest Warrant was issued in Greer County, State of Oklahoma v. Carolyn Janzen, CF-2012-30 in this matter. On February 20, 2020 Janzen entered her Plea of No Contest to the felony of False Pretenses/Con Game, 21 O.S. O.S. 1541.2 wherein she admitted to representing herself as an attorney knowing her license to practice law was suspended. Janzen admitted that she took money on the pretense of providing legal representation in a litigation matter with the intent to cheat and deprive the victims of $7,100 for practicing as their lawyer. Janzen agreed to an 8 year sentence in the custody of the Oklahoma Department of Corrections with all years suspended. She was ordered to pay a $1,000 fine, restitution of $ 7,100, with a notation that she had already paid $1,000 of restitution, and court costs. Janzen was ordered to make monthly payments to begin March 10, 2020.

Â¶3 The Bar Association filed a Notice of Suspended Sentence on March 13, 2020 initiating this summary disciplinary proceeding pursuant to Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2011 ch. 1, app. 1-A. Proof of Service of Notice of Suspended Service was filed April 7, 2020 with a copy of the certified mail receipt with the signature Carolyn Janzen dated March 30, 2020. We entered an Order of Immediate Interim Suspension on March 27, 2020 wherein Janzen was directed to show cause no later than May 18, 2020 why this Order of Interim Suspension should be set aside. We also ordered that Janzen had until June 17, 2020 to show cause in writing why a final order of discipline should not be imposed, to request a hearing or to file a brief and any evidence tending to mitigate the severity of discipline. No response was filed responsive to either of these directives.

Â¶4 On August 10, 2020 it came to the Court's attention that the address on file with the Court Clerk contained a typographical error and an Order Correcting Address was filed and another Order was issued. Janzen was ordered to show cause no later than August 21, 2020 why the order of interim suspension should be set aside, and further directed that she had until September 17, 2020 to show cause in writing why a final order of discipline should not be imposed, to request a hearing or to file a brief and any evidence to mitigate the severity of discipline. Janzen did not file any responsive pleading with this Court in this matter and she did not provide any evidence to mitigate the severity of discipline in this matter. The Bar Association filed a response recommending disbarment as the appropriate discipline in this disciplinary matter.

Â¶5 The Rules Governing Disciplinary Proceedings, 5 O.S. 2011, ch. 1, app. 1-A (RGDP), outline a summary discipline proceeding for immediate suspension of a lawyer's license to practice law and final discipline of a "lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law." Id., Rule 7.1. Pursuant to Rule 7.2, this summary proceeding was initiated by filing certified copies of the Information, Probable Cause Affidavit for Arrest Warrant, Plea of No Contest, Record of Proceedings in Open Court-Felony, and Rules of Probation from Janzen's felony proceeding.[1] The certified copies "are conclusive evidence of the commission of the crime and constitute the charge and suffice as the basis for discipline." State ex rel. Oklahoma Bar Ass'n v. Cooley, 2013 OK 42, Â¶ 1, 304 P.3d 453, 454, citing RGDP, Rule 7.2.

Â¶6 The summary disciplinary process is initiated when the crime "demonstrates such lawyer's unfitness to practice law." Rule 7.1. Implicit in our Order of Immediate Interim Suspension, is that the nature Janzen's crime demonstrates her unfitness to practice law. Although every criminal conviction does not necessarily reflect a lawyer's unfitness to practice law, we have recognized that crimes involving "dishonesty, breach of trust, or serious interference with the administration of justice facially demonstrate a lawyer's unfitness to practice law for purposes of a Rule 7 summary disciplinary proceeding." Cooley, 2013 OK 42, Â¶ 13, 304 P.3d at 456.

Â¶7 This Court exercises exclusive original jurisdiction to carry out its nondelegable responsibility to discipline lawyers and to regulate the practice of law in order to safeguard the interests of the public, the judiciary and the legal profession. State ex rel. Oklahoma Bar Ass'n v. Shofner, 2002 OK 84, Â¶ 5, 60 P.3d 1024, 1026. We exercise de novo review with respect to every aspect of a disciplinary inquiry. Cooley, 2013 OK 42, Â¶ 4, 304 P.3d at 454. The professional discipline imposed is based upon the respondent's conduct, any prior history of respondent's professional misconduct, and the discipline imposed upon other lawyers for similar acts of misconduct. State ex rel. Oklahoma Bar Ass'n v. Smith, 2016 OK 19, Â¶ 36, 368 P.3d 810, 818.

Â¶8 In cases involving mishandling of client funds, we recognize three levels of culpability: 1) commingling; 2) simple conversion; and 3) misappropriation, i.e. theft by conversion or otherwise. State ex rel. Oklahoma Bar Ass'n v. Kleinsmith, 2018 OK 5, Â¶ 9, 411 P.3d 365, 368. We are clear that "a lawyer found guilty of intentionally inflicting grave economic harm in mishandling clients' funds is deemed to have committed this most grievous degree of offense." Id., 2018 OK 5, Â¶ 10, 411 P.3d at 369. This Court has previously held that disbarment is the appropriate discipline for an attorney who has knowingly converted or misappropriated client trust funds. Id., 2018 OK 5, Â¶ 11, 411 P.3d at 369, see also, State ex rel. Oklahoma Bar Ass'n. v. Rymer, 2008 OK 50,187 P.3d 725.

Â¶9 Janzen's license to practice law had been stricken from the membership rolls since September 20, 2004. Almost eight years later, she knowingly misrepresented herself as a licensed attorney in order to obtain money under false pretenses for legal representation. Janzen's criminal conduct was intentional and moreover, she used her prior attorney licensure status in creating this deception. Her actions resulted in a gross breach of trust and serious interference with the administration of justice. Janzen's plea to a felony involving intentional dishonesty regarding her licensure status for personal gain facially demonstrates her unfitness to practice law and her blatant disregard for the Bar and this Court. Janzen has not filed any response to this summary proceeding and has not provided any evidence to support the mitigation of the severity of discipline in this matter. The Bar Association has recommended disbarment. We hold that the appropriate discipline for Janzen's conviction is disbarment. It is the order of this Court that Janzen's disbarment is to be effective from the date of her suspension from the practice of law, March 27, 2020.

RESPONDENT DISBARRED. 

Â¶10 ALL JUSTICES CONCUR

FOOTNOTES

[1] See, Notice of Suspended Sentence, SCBD 6903, State of Oklahoma ex rel, Oklahoma Bar Association, Complainant, v. Carolyn Janzen.

Â