STATE ex rel. OKLAHOMA BAR ASSOCIATION v. GEORGE2022 OK 34Case Number: SCBD-7085Decided: 04/12/2022THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 34, __ P.3d __

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
S. Daniel George, Respondent.

BAR PROCEEDING

¶0 Respondent is a senior attorney licensed to practice law in Oklahoma and a member in good standing of the Oklahoma Bar Association. The Bar initiated disciplinary proceedings against Respondent based on professional discipline he received in the United States Court of Appeals for the Tenth Circuit. Respondent received a private reprimand for a letter he had written to the judges of the Tenth Circuit expressing displeasure with a ruling before that Court. The Bar recommended Respondent receive an equal or lesser discipline than that imposed by the Tenth Circuit. After a de novo review, this Court holds that no further discipline is warranted herein.

DISMISSED.

Tracy Pierce Nester, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Dan George, Sallisaw, Oklahoma, pro se.

WINCHESTER, J.

¶1 The United States Court of Appeals for the Tenth Circuit (Tenth Circuit) issued a private reprimand to Respondent for conduct "unbecoming a member of the bar of" that court. Complainant, the Oklahoma Bar Association (the Bar), filed this reciprocal disciplinary proceeding pursuant to Rule 7.7 of the Rules Governing Disciplinary Proceedings, 5 O.S.2021 ch.1, app.1-A. The Bar recommended discipline of an equal or lesser measure. We agree with the Bar's recommendation and hold that further discipline is unwarranted in this matter.

PROCEDURAL AND FACTUAL BACKGROUND

¶2 This disciplinary matter stems from a letter written by Respondent, a long-time member of the Bar, to the judges of the Tenth Circuit after he was unhappy with a ruling made in one of his cases before that court.

¶3 On appeal, Respondent's client argued, among others, that his manslaughter conviction should be vacated as it was inconsistent with the two counts with which he was acquitted. The Oklahoma Court of Criminal Appeals denied the requested relief.

¶4 The Tenth Circuit denied the request for habeas relief which prompted Respondent to write the letter in question to the judges of the Tenth Circuit to complain about the ruling. The Tenth Circuit ruled that Respondent's letter disparaged "the judges, the court, and the federal judiciary as a whole" and found his conduct was "unbecoming a member of this court's bar." As a result, the Tenth Circuit issued a private reprimand to Respondent. Respondent did not seek to appeal the Tenth Circuit's disciplinary decision; thus, the order of discipline is a final order for purposes of conclusively establishing the professional misconduct set forth therein. See Rule 7.7(b), RGDP;State ex rel. Okla. Bar Ass'n v. Heinen, 2002 OK 8160 P.3d 1018

DISCIPLINE

¶5 This Court has original and exclusive jurisdiction over all matters relating to the discipline of persons admitted to practice law in Oklahoma. State ex rel. Okla. Bar Ass'n v. Leonard, 2016 OK 11367 P.3d 498State ex rel. Okla. Bar Ass'n v. Wilburn, 2006 OK 50142 P.3d 420de novo review of the record with a non-deferential examination of all relevant facts. Leonard, 2016 OK 11

¶6 With respect to the appropriate discipline for Respondent, he may be subject to discipline in both federal court and Oklahoma for the same conduct. Rule 7.7, RGDP; State ex rel. Okla. Bar Ass'n v. Auer, 2016 OK 75376 P.3d 243State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 5128 P.3d 551State ex rel. Okla. Bar Ass'n v. Kleinsmith, 2013 OK 16297 P.3d 1248

¶7 We may consider whether the sanction imposed by the affected jurisdiction is sufficient to stop the offending conduct and effectively serve "the purpose of discipline--protecting the courts, the public, and the legal system." See State ex rel. Okla. Bar Ass'n v. Hyde, 2017 OK 59397 P.3d 1286Id. at ¶30, 397 P.3d at 1294. See also, Kleinsmith, supra, 2013 OK 16297 P.3d 1248

¶8 The Bar recommended that if Respondent should receive any discipline, it should not be any greater than the private reprimand issued by the Tenth Circuit. After our independent review of the record, we agree. Respondent's behavior in this matter constitutes an isolated incident of misconduct and further discipline is not warranted.

¶9 This Court has previously declined to discipline an attorney for making derogatory comments about the judiciary. State ex rel. Okla. Bar Ass'n v. Porter, 1988 OK 114766 P.2d 958Porter, the respondent attorney criticized a federal district court judge to the media, including remarks that the judge might be racist and that he'd never experienced an impartial trial before the judge. The judge filed a grievance against the attorney. The Bar's trial panel found that the attorney's actions violated disciplinary rules, but did not find that the statements were untrue. The panel was split regarding the appropriate discipline to impose ranging from no discipline to a sixty-day suspension. The Bar then recommended a public censure.

¶10 Upon review, this Court held that the risk of disciplinary sanctions for speech critical of the judiciary was a significant impairment of the attorney's First Amendment rights as well as of the public's right to hear criticism of the judicial branch. Id. at ¶ 22, 766 P.2d at 967. The Court further held that disciplinary rules used to sanction speech criticizing a judge should only be allowed if there was a compelling interest to prohibit such speech which was narrowly tailored to avoid unnecessary abridgement of right of free speech. Id. at ¶ 24, 766 P.2d at 967. The Court determined that discipline was unwarranted in Porter. The Court found no proof of a compelling interest to justify restriction of the lawyer's First Amendment rights to criticize the judiciary, at least where such statements were not shown to be incorrect statements of fact. Id. at ¶ 26, 766 P.2d at 967.

¶11 In Porter, the attorney's comments were made out of court to news media. The attorney defended his comments stating that the rules of professional conduct violated his right to free speech under the First Amendment and were vague and indefinite. Although the Court agreed that the attorney's comments were protected by the First Amendment, it nonetheless cautioned:

At this point it is necessary to remind the profession that First Amendment license to comment is broader than the traditional correct demeanor expected of an officer of the court. Nothing said in this opinion changes those expectations. Remarks of the sort being now considered are indeed disrespectful, exhibiting a definite lack of the polish expected of the true professional and they remain uncondoned. It is expected that counselors will maintain the honor of the profession and the decorum properly expected of an officer of this court. Nothing less than precisely proper decorum and conduct is expected by this Court of members of the Bar. We view the remarks here examined to be extremely bad form while in the same breath we hold them to be protected. Each member of the Bar should remember that as an attorney, all have sworn. to act in the office of attorney of this Court according to best learning and discretion, and with all good fidelity as well to the court and to client." (citing Attorney's Oath, 5 0.S. 1981 §2).

Id. at ¶ 33, 766 P.2d at 970.

¶12 The Porter Court recognized that the judiciary cannot be shielded "from the critique of that portion of the public most perfectly situated to advance knowledgeable criticism, while at the same time subjecting the balance of government officials to the stringent requirements of the New York Times Co. v. Sullivan, supra, and its progeny." ld. at ¶ 28, 766 P.2d at 968-969 (citation omitted). Consistent with New York Times, the Court found that an attorney's criticism of a judge where "no evidence was introduced to demonstrate that the statements were false or that they were insincerely uttered by a speaker having no basis upon which to found them" cannot be the basis of professional misconduct discipline. Id at Il 26, 766 P.2d at 968.

¶13 Rule 8.2 of the Oklahoma Rules of Professional Conduct (ORPC) provides that "a lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge." In State ex rel. Oklahoma Bar Association v. Tweedy, 2000 OK 3752 P.3d 1003Porter, the Court noted regarding Rule 8.2: "[t]he record is devoid of any attempts to show that the statements were false or made with reckless disregard to their falsity. In the absence of a showing of falsity, the statements must be held to be speech on vital issues of self-government protected by the first Amendment." ld. at ¶ 30, 52 P.3d at 1009.

¶14 Respondent has conveyed his sincere belief that his client's conviction was wrongly decided. While we do not condone the comments made by Respondent in his letter, we do not feel the expression of his frustration with the outcome of his client's criminal case rises to a level warranting additional discipline. Accordingly, the Tenth Circuit's private reprimand suffices in this matter and no further discipline shall be imposed.

CONCLUSION

¶15 After conducting a de novo review of the record, the Court holds that no further discipline is necessary to be assessed against Respondent. While the tenor of the Respondent's letter was indeed disrespectful, it was not so critical as to cross the line into misconduct worthy of additional discipline beyond that imposed by the Tenth Circuit. Accordingly, we hereby dismiss the matter.

DISMISSED.

CONCUR: Darby, C.J., Kauger, Winchester, Edmondson, Gurich and Rowe, JJ.;

DISSENT: Kane, V.C.J. and Combs, J.;

 

Combs, J., with whom Kane, V.C.J., joins, dissenting:

"I would impose a private reprimand."

RECUSED: Kuehn, J.

FOOTNOTES

Jimmie Lee Lovell v. Jack Thorpe, No. 20-7051, filed in the Tenth Circuit. (March 19, 2021 Order Denying Certificate of Appealability).

"When a lawyer has been adjudged guilty of misconduct in a disciplinary proceeding, except contempt proceedings, by the highest court of another State or by a Federal Court, the General Counsel of the Oklahoma Bar Association may cause to be transmitted to the Chief Justice a certified copy of such adjudication and the Chief Justice shall direct the lawyer to appear before the Supreme Court at a time certain, not less than ten (10) days after mailing of notice, and show cause, if any he/she has, why he/she should not be disciplined. The documents shall constitute the charge and shall be prima facie evidence the lawyer committed the acts therein described. The lawyer may submit a certified copy of the transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his/her claim that the finding therein was not supported by the evidence or that it does not furnish sufficient grounds for discipline in Oklahoma. The lawyer may also submit, in the interest of explaining his/her conduct or by way of mitigating the discipline which may be imposed upon him/her, a brief and/or any evidence tending to mitigate the severity of discipline. The General Counsel may respond by submission of a brief and/or any evidence supporting a recommendation of discipline."