OSCN Found Document:STATE OF OKLAHOMA ex rel., OBA v. LILE

 

 
 STATE OF OKLAHOMA ex rel., OBA v. LILE2026 OK 6Case Number: SCBD-7941Decided: 02/10/2026THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2026 OK 6, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
JASON MARTIN LILE, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE
PURSUANT TO RULE 7.7, RULES
GOVERNING DISCIPLINARY PROCEEDINGS

¶0 Respondent, a lawyer licensed in Oklahoma, received a one-year suspension of his license to practice law before the Muscogee (Creek) Nation. Pursuant to Rule 7.7 of the Oklahoma Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1-A (RGDP), the Oklahoma Bar Association filed in this Court documentation of the suspension by the Muscogee (Creek) Nation Supreme Court. We directed Respondent to show cause why a final order of discipline should not be imposed on him by this Court. Respondent requested that no further discipline be imposed and that there be no hearing. The Bar requested this Court to impose the same discipline and suspend his Oklahoma Bar license for one year. After de novo review, this Court finds that no further discipline is warranted.

DISCIPLINARY PROCEEDING DISMISSED 

Stephen L. Sullins, Assistant General Counsel, Oklahoma Bar Association, for Complainant.

Sheila J. Naifeh, Tulsa, Oklahoma, for Respondent.

Edmondson, Justice.

¶1 Respondent received attorney discipline from the Muscogee (Creek) Nation, and the Oklahoma Bar Association filed a reciprocal professional discipline proceeding in this Court. The Bar recommends we adopt the same discipline, a suspension for one year. We find that no further discipline is warranted.

Muscogee (Creek) Nation Bar Proceeding

¶2 On July 10, 2025, after a hearing where Respondent appeared pro se, the Muscogee (Creek) Nation Supreme Court entered an "Order for Attorney Discipline" against Respondent finding Respondent violated its ethical rules on conflict of interest. This matter arises from Respondent's actions in one isolated criminal case pending before the Muscogee (Creek) Nation court filed against Elijah Johnson (MCN District Court Case Number CF-2022-1019). Specifically, Respondent failed to withdraw as Mr. Johnson's lawyer after Respondent accepted an employment offer in July 2024, from the Muscogee (Creek) Nation as a Special Assistant United States Attorney (SAUSA).

¶3 The Special Assistant United States Attorney role was created in the wake of the United States Supreme Court decision in McGirt v. Oklahoma, 591 U.S. 894, (July 9, 2020). The SAUSA was to work as a liaison between the Tribe and the Northern District of Oklahoma United States Attorney. Although the job offer was from the Muscogee (Creek) Nation, Respondent was advised the SAUSA position was a federal grant funded position and he would work with United States Attorney (U.S. Attorney) for the Northern District of Oklahoma. Under the grant terms funding the SAUSA position, Respondent was specifically excluded from any prosecutorial work for the Tribe. Mr. Johnson's criminal case was not a case prosecuted in the federal courts because the federal grand jury issued a non-indictment. The Muscogee (Creek) Nation Attorney General opted to file the case and proceed in the Muscogee (Creek) Nation court.

¶4 At the time of his interview, Respondent was in private practice with over ninety (90) open case files, including Mr. Johnson's case. Respondent disclosed to the Attorney General for the Muscogee (Creek) Nation and others on the interviewing panel, that "I had an extensive number of clients and would need some time to wind down my practice." 

¶5 At the time of his job offer in July, Respondent advised the Muscogee (Creek) Nation Attorney General it would take him thirty to forty-five days to wind down his practice. He agreed to a start date of August 13, 2024. Respondent timely advised Mr. Johnson of his need to withdraw in the case and that Mr. Johnson would need to retain a new lawyer. The Johnson family was concerned because it had been so difficult to retain a lawyer. The only commitment Respondent made to them "is that I would help them to find an attorney to refer them to that they could continue with the representation." 

¶6 A disposition hearing was set before the Muscogee (Creek) court on September 25, 2024, on Mr. Johnson's case. With the explicit permission of the Muscogee (Creek) Nation's Attorney General, Respondent appeared and announced to the court that he had a conflict of interest because of his recent employment through the Muscogee (Creek) Nation as a SAUSA. He stated that he would be filing a motion to withdraw as counsel of record. The assigned judge "admonished the client -- the client and myself that we needed to hurry and proceed this with trial, because I believe it was a 2022 case." 

¶7 Although Respondent intended to file his motion to withdraw, a series of events unfolded over the next two days leading him to decide to resign his SAUSA position. There were two primary factors for this decision. Respondent learned that he would be required to work out of the Okmulgee office on Mondays and Fridays; he could not work predominantly out of the Tulsa office for the Northern District U.S. Attorney. Respondent testified that "part of the reason I accepted the position, ultimately, was because I would have an office in Tulsa where I live." 

¶8 The following week, the Johnson family contacted Respondent to advise him that they still had been unable to find substitute counsel and asked for additional help in finding counsel. When they learned that Respondent no longer worked as a SAUSA, the family requested Respondent to continue to represent Mr. Johnson. Respondent testified that "it was a direct conflict" and "I recall telling them specifically, I think that direct conflicts can be waived, but I have to find out what the Tribe -- how the Attorney General's office feels about this." 

¶9 Respondent then appeared at the next docket on October 23, 2024, for the "sole purpose of finding out if the Tribe, if -- if the A.G. objected" to him continuing to represent Mr. Johnson. Respondent announced to the court that "I was employed with the Nation. I am no longer employed with the Nation. Mr. Johnson's family has urgently asked me to continue this representation, and I would like to know if the Attorney General's office objects or not." 

¶10 Mr. Hall never returned a call to Respondent. And Respondent did not receive a call from the Muscogee (Creek) Nation Attorney General or the prosecutor to indicate there was an objection to him continuing to represent Mr. Johnson. The Tribe filed a formal motion to disqualify Respondent from representing Mr. Johnson in the criminal proceeding and a formal bar complaint was filed against Respondent with the Muscogee (Creek) Nation. Respondent did not file a response to the Motion to Disqualify.

¶11 The other concern reflected in the disciplinary Order was a conflict of interest demonstrated by a written communication Respondent sent to the Attorney General while he was employed as a SAUSA. Respondent testified during the hearing he was confused why the Tribe would be pursuing the case against Mr. Johnson when the federal grand jury quickly returned a non-indictment. While still in private practice and before accepting his SAUSA position, Respondent reviewed the evidence before the federal grand jury and interviewed the collateral witnesses. Respondent did not find sufficient evidence to support a conviction against Mr. Johnson. He also had a conversation with the Muscogee (Creek) Nation prosecutor, who allegedly indicated to Respondent that the Muscogee (Creek) Nation had a weak case and likely would not do well at trial.

¶12 While he was employed with the Nation, Respondent wrote the Muscogee (Creek) Nation Attorney General asking that the Johnson case be reconsidered and asking that all evidence be thoroughly reviewed for the purpose of preserving prosecution and judicial resources. At the time of writing this letter, Respondent was serving as a SAUSA and still attorney of record for Johnson. Respondent also accessed the Muscogee (Creek) Nation electronic case file on Johnson to review discoverable file materials. Respondent testified that he did not review attorney work product or notes and there was no evidence to support this occurred. In the trial proceedings, the Court noted that the primary concern had nothing to do with the laptop access. 

¶13 In mitigation, the Muscogee (Creek) Nation noted in its Order of Attorney Discipline that Respondent "freely answered all questions concerning his actions in late 2024." 

¶14 The Muscogee (Creek) Nation Supreme Court in its Order of Attorney Discipline found Respondent guilty of misconduct, violating model rules relating to conflict of interest, declining or terminating representation, and candor toward the tribunal. The Court suspended Respondent for a period of twelve (12) months commencing July 10, 2025, and ordered ten (10) additional hours of ethics continuing education credit to be completed within twelve (12) months, ordered Respondent to pay all Muscogee (Creek) Nation bar dues and he was directed to notify all professional organizations.

OKLAHOMA DISCIPLINE

¶15 This Court may impose lawyer discipline when a lawyer has received discipline from the highest court of another state, federal court, or other jurisdiction. 

¶16 On August 11, 2025, this Court issued an order directing '"to show cause in writing by August 29, 2025, why a final order of discipline should not be imposed." Respondent filed a response by and through his legal counsel waiving his right to a hearing and urging that additional discipline was not warranted.

¶17 In mitigation, Respondent submitted two affidavits. The first affidavit was from Respondent summarizing his prior work experience in solo practice comprised of family law, probate, criminal defense, and estate planning. Even though he had no prior former discipline, he was forthright in advising this court of a complaint previously filed against him. This matter was investigated by the Bar, which did not result in formal discipline. Respondent fully abided by all conditions made by the Nation and completed eleven hours of CLE and provided the certificates of completion to the Nation's Court Clerk and paid his Muscogee (Creek) Nation bar dues. Respondent timely self-reported his suspension by the Nation to the Oklahoma Bar Association and waived his right to a hearing. The Bar noted that Respondent has been contrite and cooperative throughout this process.

¶18 The second affidavit was submitted by a former employee for Respondent who worked as paralegal. This witness discussed the challenges Respondent faced in trying to find alternate counsel for criminal defendant Johnson and the perceived pressure Respondent felt to get Mr. Johnson's case to trial. The witness also stated that Respondent is always willing to take on pro bono clients, and thorough with conflict checks in his practice.

¶19 Also in mitigation, Respondent provided to this Court copies of all the CLE credit which he completed as ordered by the Muscogee (Creek) Nation.

¶20 Our responsibility in disciplinary matters is not to punish, but to assess the lawyer's fitness to practice law and safety of the public. 

¶21 Under our reciprocal discipline provisions, a disciplinary action against a lawyer from another jurisdiction creates the basis for this Court to review the lawyer's actions and determine the appropriate discipline, if any, for the affected lawyer, applying our rules and jurisprudence. A lawyer may be subject to discipline in both the original jurisdiction and in Oklahoma for the same conduct. 

¶22 This Court is committed to enforcing discipline fairly, on a case-by-case basis as each separate case involves different instances of wrongdoing and different mitigating circumstances. Wintory, supra. We have recognized that "crafting the appropriate discipline requires consideration of the goals of discipline set in the context and accompanying complexities of each case." Hyde, supra., ¶ 30, 397 P.3d at 1294.

¶23 In Okla. Bar Ass'n. v. Oliver, 2016 OK 37Id. ¶10, 369 P.3d at 1076. We held that a suspension was not warranted in Oklahoma and imposed a public censure.

¶24 In Okla. Bar Ass'n. v. George, 

¶25 As Respondent waived his right to a hearing, there is no trial panel recommendation. In mitigation and recommendation of discipline the Bar noted that the Muscogee (Creek) Nation credited Respondent with "numerous mitigations"has no prior discipline record with this Court. 

¶26 The record demonstrates that the misconduct determined by the Muscogee (Creek) Nation is an isolated event and the sanction imposed by the Muscogee (Creek) Nation is sufficient to stop the concerning conduct.

¶27 On de novo review of the record, and considering similar reciprocal disciplinary cases, we hold that no further discipline is warranted.

DISCIPLINARY PROCEEDING DISMISSED

Rowe, C.J.; Kuehn, V.C.J. and Winchester, Edmondson, Gurich, JJ., concur.

Combs, Darby, Kane, and Jett, JJ., dissent.

COMBS, J., with whom DARBY and KANE, JJ., join, dissenting:
           "I would impose a public censure."

FOOTNOTES

Response to Show Cause, Ex. D, Transcript Of Show Cause Hearing before the Honorable Muscogee (Creek) Nation Supreme Court, p. 13.

Id.

Id.

Id.

Id.

Id.

Okla. Bar Ass'n. v. Lile, Ex. 1, Order for Attorney Discipline, Case No: GVA-2024-03, In the Muscogee (Creek) Nation Supreme Court.

State ex rel. Okla. Bar Ass'n. v. Gaines, 2016 OK 80

Gaines, supra. n. 15.

State ex rel. Okla. Bar Ass'n v. Boyd, 2025 OK 30571 P.3d 105

Id., See also, State ex rel. Okla. Bar Ass'n v. Kinsey, 2009 OK 31212 P.3d 1186

State ex rel. Okla. Bar Ass'n v. Wintory, 2015 OK 25350 P.3d 131State ex rel. Okla. Bar Ass'n v. Wilcox, 2014 OK 1318 P.3d 1114

State ex rel. Okla. Bar Ass'n v. Hyde, 2017 OK 59397 P.3d 1286

State ex rel. Okla. Bar Ass'n v. George, 2022 OK 34508 P.3d 975

Id.; State ex rel. Okla. Bar Ass'n v. Patterson, 2001 OK 5128 P.3d 551

George, supra, n. 22; Hyde, supra. n. 22, ¶ 30, 397 P.3d at 1294.

Wintory, supra. n. 20; State ex rel. Okla. Bar Ass'n v. Layton, 2014 OK 21324 P.3d 1244

Hyde, supra. n. 21, ¶ 30, 397 P.3d at 1294.

licensed in Oklahoma to notify the General Counsel whenever discipline for lawyer misconduct has been imposed upon him/her in another jurisdiction, within twenty (20) days of the final order of discipline, and failure to report shall itself be grounds for discipline." Rules Governing Disciplinary Proceedings, 5 O.S. Ch.1, App. 1A, 7.7.

George, supra. n. 22, ¶ 7, 508 P.3d at 977.